[No. 85.  Decided March 12, 1891.]

## THE PACIFIC CABLE CONSTRUCTION COMPANY V. N. McNATT.

**JUDGMENT— CONTRACT—JOINT LIABILITY—ESTOPPEL.**

In an action against two corporations for materials furnished them on request of certain of their officers, a joint judgment cannot be sustained where there is no evidence that the officers had authority to bind defendants jointly, and the only evidence of a joint contract was the failure, at an interview between the parties subsequent to the contract, to deny such a liability, and the taking by defendants of a joint receipt for a payment made on account of said contract. (DUNBAR, J., dissents.)

The failure on the part of defendants to deny liability, and their taking of a joint receipt for the sum paid, will not operate as an estoppel on the ground that they thereby led plaintiff, who was the assignee of the original contractor, to believe that they had jointly contracted, or were jointly liable, when plaintiff before bringing suit sought to hold but one of the defendants liable.

*Appeal from Superior Court, King County.*

The facts are fully stated in the opinion.

*Metcalfe, Turner & Burleigh,* for appellant.

*Dyer & Craven,* for appellee.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the appellee against the appellant and the Seattle Construction Company to recover pay for certain piles and certain cord-wood furnished by one Nickum at the request of one Jackson and one Thompson. Jackson was then superintendent of each of the defendant corporations, and also of another corporation known as the Lake Washington Steam Navigation Company, and Thompson was president of appellant and vice-president of the other defendant, and manager of both companies.

The plaintiff recovered a verdict and judgment, which appellant claims there was no evidence to sustain as against it. The evidence was not sent up, but in its stead a statement of what the proof tended to show, from which it appears that Jackson was in the habit of making contracts and purchases for each of the three companies named without indicating which one he acted for in any particular transaction, and that he allotted the expense to the proper company when it was presented. Nickum knew of the relations of Jackson to the defendant companies. It is very uncertain what the understanding of the parties at the time was. The first clause of the statement is, that "in the month of September, 1888, one J. W. Nickum made a contract with Andrew Jackson and J. M. Thompson to furnish them certain cord-wood and certain piling." This, literally construed, would indicate that it was furnished to them individually and not in any representative capacity, and would be conclusive as against the plaintiff in this action. Passing over it, however, it appears that Nickum testified he understood he was furnishing the chattels to appellant, but it does not appear that this supposition — for it was apparently nothing more — was based upon any action or conduct of the appellant in relation to the transaction.

Nickum assigned the claim to McNatt, the plaintiff, but the form of assignment is not shown, nor does it appear whether he therein, or otherwise, specified any one as owing the amount, or chargeable therewith. McNatt first sought to charge the Seattle Construction Company, and so made out his claim and placed it in the hands of attorneys for collection, but he was advised by them to sue both companies, and he did so. It seems this course was pursued, or thought to be sanctioned, because, as stated, "that at various interviews between Nickum and plaintiff and the defendants, subsequent to the making of the contract, there were disputes as to the amount due thereon, but no distinct

denial of liability on the part of either of the defendants on the ground that the contract had not been made in their behalf. There was also evidence that at one such interview a payment was made on account of said contract, and a receipt taken in the name of both defendant companies," as there is nothing but this in the entire statement that could be claimed as even colorably tending to show any joint liability. This, considered with the other circumstances, furnishes no proof to sustain a claim against the defendants jointly, for the balance. As to how the defendants were present at these said interviews, or by whom they were represented, the record is silent, unless it was by Jackson and Thompson, the only parties designated as having acted for them. No mention is made of any other officers or of any trustees or other agents. If the defendants were represented there by any person having authority to bind them jointly, the matters spoken of could only operate to bind them in two ways, if at all: First, that the failure to deny such a liability and the taking of a joint receipt was evidence of an original joint contract; but this cannot be claimed; Nickum, under whom the plaintiff claims, did not so understand it, as he testified, and there is no claim made and nothing to show that Jackson and Thompson, or either of them, had any authority to bind the defendants jointly. Consequently, there was no force therein in this direction. The second and only other ground upon which it could have been relevant was in the way of an estoppel. That by the failure to deny, and the taking of a joint receipt for the sum paid, the defendants led the plaintiff to believe that they had jointly contracted or were jointly liable, and that they thereby estopped themselves from denying a joint liability by inducing the plaintiff to act differently than he otherwise would have done in the premises. Now, can it be claimed that it did have any such effect? Evidently not, for McNatt did not understand that they were jointly

liable, or that they thereby assumed any joint liability, for he thereafter only sought to hold the Seattle Construction Company, so whatever was there done, it could not have operated as an estoppel. The defendants were not called upon to deny a joint liability, or even a separate liability, unless there was an attempt to so charge them, and there is nothing to show that there was any attempt at any of said meetings, or at any time previously, to charge them jointly, or any attempt there to charge the appellant separately for that matter. The mere taking of a joint receipt under the circumstances shown from the plaintiff's own case amounted to nothing in support of the plaintiff's action.

It is fair to assume from the record, however, that the defendants were represented at these meetings by Jackson and Thompson, the only parties mentioned as having acted for them or either of them in the premises, and they could not bind the defendants jointly by any silence or admission or ratification of their own previous acts, if they had no authority to make a joint contract. The only claim is, that Jackson had authority to bind the companies severally for the amount of purchases made by him for each respectively, in consequence of his habit of so buying and his recognized course of dealing. It appears by the statement that the piles furnished were used by the Lake Washington Steam Navigation Company and the cord-wood was used by the Seattle Construction Company; that no part of either was received or used by appellant, and that it derived no benefit from said purchases. It does not even appear that appellant was in any wise severally liable, for under the plaintiff's own showing as to the authority of Jackson the contract was unauthorized if it purported or attempted to charge appellant for property that was in no wise furnished to it, and it does not appear that Thompson had any authority in the premises, and under no theory, upon the

facts shown, could the defendants be held jointly liable for the whole amount. It is not claimed that Jackson did allot the expense of these purchases to either or both of said defendants, and his habit of allotting expenses generally would cut no figure if he did not in fact allot this particular expense. Most likely the first clause of the statement was correct, that the chattels were really furnished upon the personal responsibility of Jackson and Thompson.

Appellant's point that there was no evidence to sustain a recovery as against it, or as against it and the other defendant jointly, was well taken and should have been sustained. Of course, appellant's individual liability, even if it was so liable, would not avail the plaintiff in the present action. Judgment reversed.

ANDERS, C. J., and HOYT and STILES, JJ., concur.

DUNBAR, J. (*dissenting*). — I dissent. In my opinion the judgment in this case cannot be disturbed without usurping the province of the jury. The jury heard the testimony and saw the witnesses face to face; and the statement of facts shows that there was sufficient testimony, if the jury believed it, to warrant the verdict. It may be uncertain what the understanding of the parties to the contract was; but where there is an uncertainty as to any fact concerning which evidence is introduced, that is a question for the jury and not the court. Nickum testified that his understanding was that he was furnishing the material sold to the Pacific Cable Construction Company, and the jury doubtless concluded that the testimony justified his understanding. The testimony shows that at various interviews between Nickum and plaintiff and defendants in relation to the payment of this claim, subsequent to the making of the contract there were disputes as to the amount due thereon; but that neither of the defendants distinctly denied their liability, and that at one such interview a pay-

ment was made on account of said contract, and a receipt taken in the name of both defendant companies. From this the jury could fairly infer a joint liability.

It is urged that the record is silent as to how the defendants were present at those said interviews, or by whom they were represented. The statement of facts as certified by the judge simply shows that those interviews were between Nickum and plaintiff and defendants. The statement is plain, and must be construed against a defendant corporation the same as against a defendant individual. To give any force to the finding at all, it must be presumed that the defendant was there by its accredited agent, otherwise it was not there at all; and there is no sense to the finding.

Appellants cannot object to the judgment being jointly against them and the Seattle Construction Company, and urge the fact that Nickum's testimony would tend to relieve the Seattle Construction Company of any liability. It is time to review that question when the Seattle Construction Company asks to be relieved from the judgment.