# CHARLESTON.

## BROOKS *v.* MILLER *et al.*

Submitted January 20, 1887.—Decided April 2, 1887.

1. OFFICIAL BOND—COMMISSIONER—PARTIES.

   A suit in equity for the breach of the condition of a commision-er's bond, given under our statute and payable to the State, may be maintained by and brought in the name of the party injured by such breach, and the State need not be made a party thereto.  (p. 504.)

2. OFFICIAL BONDS — COMMISSIONER — ESTOPPEL — PRINCIPAL AND SURETY.

   Two special commissioners are directed by a decree in a cause to collect a fund and loan the same, and to take from the loanees bonds with good security; they subsequently report that they have loaned the fund to a number of persons giving the names and amounts loaned to each, among which are the names of the commissioners themselves; the court enters a decree reciting the substance of what appears in the report and directs the com-missioners to hand over to the party entitled thereto the bonds for the fund so loaned; this report is not excepted to, nor is it in terms confirmed by the decree; the commissioners turn over bonds for the whole fund except the amounts reported as loaned to themselves; in a suit afterwards brought by the party entitled to the fund for the amount so reported loaned to one of the commissioners.  HELD:

   I. The plaintiff is not estopped or concluded by said report and decree in said former suit from recovering said fund and holding the commissioners and the sureties on their bond liable there-for.  (p. 505.)

   II. The bond given by the commissioners and their sureties be-ing joint all the obligors are liable as principals to the plaintiff; but as between themselves the commissioner who received and used the fund is liable primarily, the co-commissioner secondly, and the sureties thirdly.  (p. 507.)

*Mollohan, Ruffner & Jackson* for appellants.

*Knight & Couch* and *J. F. Brown* for appellees.

SNYDER, JUDGE:

In 1869, and for many years prior thereto, there was pend-ing in the Circuit Court of Kanawha county a suit in equity

entitled *Hollingsworth et al.* v. *Brooks et al.* involving a controversy in regard to certain real estate and a salt furnace operated thereon in said county. By an order of said court made November 24, 1869, in said cause, S. A. Miller and N. Fitzhugh were appointed commissioners and directed to rent said salt property for one year from and after December 31, 1869, requiring from the renter or lessee bond with good security for the rent payable at the end of the year. Pursuant to said order said commissioners did rent said property to the Kanawha Salt Co. for the year 1870 for the sum of $20,250.00, and reported their proceedings to the court. Their report was confirmed and the commissioners were directed to withdraw and collect the notes for the rent. By a subsequent decree, entered November 8, 1871, the court directed said commissioners to collect said $20,250.00 with its interest from said Salt Co., and to loan the same out, less their commissions, at legal interest until the further order of the court, "requiring, however, from the persons to whom said loans may be made good security for the payment thereof;" and the said decree further ordered, "that before receiving the said money from the Kanawha Salt Co., the said commissioners, Miller and Fitzhugh, shall give bond with good security, to be approved by the clerk of this court in the penalty of $25,000.00 for the faithful performance of their duties as required by law."

On the same day said decree was entered, to wit, November 8, 1871, the said commissioners, with James M. Laidley, James H. Nash and Wm. H. Hogeman, as their sureties, executed and filed with the clerk the bond required by said decree.

The commissioners, on October 31, 1872, filed their report in which they state, that the money collected by them and the interest thereon aggregated $21,071.61, from which they deduct for commissions, taxes, &c., $1,669.08, leaving $19,-402.53, of which they report, that they had loaned the sum of $19,400.00, giving the names of eleven different persons to whom the loans had been made and the amount loaned to each. Among the persons and amounts so named are S. A. Miller $2,000.00, and N. Fitzhugh $3,000.00. Balance in the hands of commissioners $2.53.

On November 9, 1872, Stuart Robinson, W. B. Brooks and others, the owners of the leased property, filed their petition setting up their title to said rents, and asking the court to enter a decree " directing said Miller and Fitzhugh, special commissioners, to hand over to them the bonds held by them as aforesaid of the parties to whom said rents of 1870 were loaned as aforesaid, and also directing said special commissioners to pay over all other moneys, if any, in their hands arising from the renting of said property for said year 1870, &c. " In said petition the petitioners state : " Your petitioners further show, that said special commissioners, Miller and Fitzhugh, have collected the most of said rents for the year 1870, and under an order of the said Circuit Court made in said cause have loaned out said rents so far as collected to several parties, whose names and the amounts loaned to each one are stated in a report filed in said cause during the present term by said special commissioners, which is herein specially referred to for the names of the parties to whom said rents have been loaned and the amount borrowed by each one. It will also appear from said report that said special commissioners have in their possession the bonds of the borrowers, amounting, principal and interest, to upwards of $20,000.00. "

On the same day (November 9, 1872,) the cause was heard and decree entered granting the prayer of said petition. The material part of said decree is as follows :

" And it appearing to the court, from the report of special commissioners, Miller and Fitzhugh, filed during the present term, that said special commissioners have loaned out $19,400.00, part of the rents of said property for the said year 1870 to various parties, and that said special commissioners have in their possession the bonds of said parties for the amount loaned each one respectively, it is therefore adjudged, ordered and decreed that said special commissioners, Miller and Fitzhugh, hand over to the petitioners the bonds held by them as aforesaid of the parties to whom the rents of 1870 have been loaned as aforesaid, and that said special commissioners also pay over to said petitioners the remainder of the rents of 1870, if any, which they may have in their hands or under their control. "

An appeal was taken from this decree and on July 13, 1874, the same was affirmed by the Court of Appeals. (7 W. Va. 559).

In April, 1877, W. B. Brooks in his own right and as trusteee for L. V. and Nora R. Brooks brought this suit in the Circuit Court of Kanawha county against the said S. A. Miller and N. Fitzhugh, commissioners, and their sureties, J. M. Laidley, Wm. H. Hogeman, the administrator of J. H. Nash, dec'd, and others. The plaintiff, after averring the foregoing facts in his bill, alleges, in substance, that W. C Brooks and L. V. Brooks, before the aforesaid decree of November 9, 1872, was entered, assigned to him their part of said rents of 1870, and that on January 1, 1875, Stuart Robinson and others assigned their interests in said rents to Bennett H. Young; that commissioners, Miller and Fitzhugh, handed over and delivered to plaintiff and said Young the notes or bonds of various persons to whom they had loaned a portion of said rents under the order of the court a short time before January, 1877, and that the amounts of the bonds so handed over was about $14,400.00; that there is still in the hands of said commissioners unaccounted for more than $5,000.00, of which sum the said Miller, with the knowledge and consent of Fitzhugh, took and appropriated to his individual use $2,000.00, and the said Fitzhugh, with the consent of said Miller, took and appropriated to his individual use $3,000.00; that in January, 1876, the plaintiff and said Young divided the bonds turned over to them and also the amounts still in the hands of said Miller and Fitzhugh, and in that division it was mutually agreed between them that said Young was to have the $2,000.00 so used by said Miller and the plaintiff the $3,000.00 so used by the said Fitzhugh; and that said division was made for the convenience of the plaintiff and said Young, and to enable each to collect his own share from the said commissioners and their sureties; that the said commissioners have not kept and performed the condition of their said bond, but have broken the same by using and appropriating to their own use and refusing to account for and pay over a portion of said fund as hereinbefore set forth, and that said Miller and Fitzhugh and their sureties are liable to the plaintiff in his own right for the said $3,000.00.

The bill prays for an account and settlement of the transactions of said commissioners, and that the plaintiff may have a personal decree against them and their sureties for said $3,000.00 so taken and appropriated by said Fitzhugh, and for general relief.

I have omitted the averments of the bill seeking to recover the $2,000.00 alleged to have been appropriated by Miller, as the prosecution of that claim was abandoned by the plaintiff during the progress of the suit.

Miller and Fitzhugh and all the sureties on their bonds as commissioners answered the bill. The cause was referred to a commissioner, who reported, that the balance due on account of the $3,000.00 in the hands of Fitzhugh as of May 31, 1880, amounted to $2,841.50, and that this sum was due from Fitzhugh alone in his individual capacity. To this report the plaintiff excepted on the ground, that it fixed the liability on Fitzhugh only when it should have been reported against the commissioners and their sureties. Wm. H. Hogeman having departed this life, the cause was revived against his administrators.

The cause was finally heard on July 14, 1885, and a decree entered sustaining the plaintiff's exception to the commissioner's report and deciding, that the plaintiff recover against Fitzhugh, Miller and Laidley and the estates of Nash and Hogeman $3,633.56 with interest from the date of the decree and costs of the suit—the execution therefor to be first levied of the goods of said Fitzhugh and Miller, and if these prove insufficient then of the goods of Laidley and the estates of Nash and Hogeman. From this decree the administrators of Wm. H. Hogeman, dec'd, and S. A. Miller obtained separate appeals.

The material facts are undisputed. In addition to those appearing in the foregoing statement, the record shows, that no bonds were executed by Miller and Fitzhugh for the $2,000.00 and the $3,000.00, which they reported had been loaned to themselves respectively. When they collected said fund they deposited the same in bank to their joint credit and soon afterwards drew their two checks on said fund, the one for $2,000.00 in favor of Miller and the other for $3,000.00 in favor of Fitzhugh. Miller and Fitzhugh

were the counsel in the suit of *Hollingsworth* v. *Brooks et al.* for the respective parties beneficially interested in the rent fund ; Miller for the Robinson or Young interest and Fitzhugh for the interest represented by W. B. Brooks, the plaintiff in this suit ; and in the adjustment of the fees of Fitzhugh he was allowed a credit in this suit of $1,100.00 on the said $3,000.00 of the fund in his hands.

The errors assigned and insisted upon in this Court by the appellants are :—First, that the bond sued on, being purely statutory, no recovery can be had upon it except in the form of action prescribed by the statute ; the suit must be brought in the name of the State and show for whose use it is prosecuted ; and it can be brought only by some person injured by a breach of the bond ; and second, that the plaintiff is not entitled to recover in this suit, upon the facts shown, against the sureties on the commissioners' bond.

1. The bond here is payable to the State of West Va. as prescribed by sec. 1 of chap. 10 of the Code. It is true that the second section provides, that suits for breaches of such bonds *may* be prosecuted in the name of the State, but does not declare that such suits *shall* or can only be brought in the name of the State, or that the State shall be a party to every such suit. And it is likewise true, that the third section provides, " The proceedings in such suit must show for whose benefit it is prosecuted. " In actions at common-law, this statute may be regarded as mandatory and should be pursued strictly, but such has never been the practice in courts of equity. In the latter courts substance rather than mere form is regarded. All that is necessary in equity is, that the actual parties in interest shall be before the court and that the allegations of the bill should show that the plaintiff is entitled to the relief sought. In fact it is indispensible in such courts that the beneficial party should be made plaintiff, although the legal title to the subject-matter of the suit may be vested in another; and where such other has a mere nominal title and no interest in the subject of the suit it is not necessary to make him a party. ( *Grove* v. *Judy*, 24 W. Va. 294, 298).

A reference to the allegations of the bill in this cause as hereinbefore set forth, will clearly show that its averments

are a sufficient compliance with the statute and the rules of pleading in equity to entitle the plaintiff to maintain his suit.

2. It is insisted for the appellants, that because the commissioners, Miller and Fitzhugh, in their report of October 31, 1872, stated they had loaned out $19,400.00 to a number of persons, giving the names and amounts loaned to each, and included therein the sum of $2,000.00 as loaned to S. A. Miller and $3,000.00 as loaned to N. Fitzhugh, and the fact that the decree of November 9, 1872, recited that it *appeared* from said report, that said $19,400.00 had been loaned as stated therein, and then directed the commissioners to hand over to the plaintiff and others, the bonds held by them for said loans and pay over the balance of the fund, if any, in their hands, that said recital and direction in said decree operated as a confirmation of said report and an adoption of said loans to Miller and Fitzhugh, and that thereby the said loans became and were adjudged to be the individual debts of said Miller and Fitzhugh, for which their sureties on their bond as commissioners are in no manner responsible. It is also contended that the plaintiff and those under whom he claims, having in their petition filed in said suit November 9, 1872, stated that said loans had been made, and asked that the bonds taken therefor be handed over to them, consented to accept the respective and individual liabilities of Miller and Fitzhugh for the amount so loaned to each, and that by reason of this fact the plaintiff is estopped and concluded from asserting in this collateral suit, any liability against the sureties on the bond of said Miller and Fitzhugh as commissioners.

It is conceded, that the plaintiff here and those under whom he claims were parties to said suit of *Hollingsworth* v. *Brooks & als.* and that the report of commissioners Miller and Fitzhugh was not excepted to by any one and has never been reversed or set aside. The important question then is, does the action of the court upon that report as shown by the aforesaid decree of November 9, 1872, and the petition filed by the plaintiff and others and their conduct in reference to said fund as shown by the facts hereinbefore stated, conclude the plaintiff from recovering in this suit against the sureties of the said commissioners any part of

the $3,000.00 so reported to have been loaned to N. Fitz-hugh?

It will be observed that said decree of November 9, 1872, does not, at least in terms, confirm the said report of Miller and Fitzhugh of October 31, 1872. In my view of the question it is not very material whether said decree did or did not confirm said report. That portion of the decree which relates to the report is a mere recital of what appears upon the face of the report. It repeats the substance of the report correctly, but it neither adjudicates nor decides anything in respect to said recitals. It does not approve, verify or affirm them in any manner. It merely adjudicates and orders the commissioners to hand over "the bonds held by them as aforesaid" (that is, the bonds shown by their report to be in their hands,) "of the parties to whom the rents of 1870 have been loaned as aforesaid," and that they also pay over the remainder of said rents, if any, in their hands. This is all, that was adjudged or decided by said decree. I can discover nothing here to justify the conclusion, that either the court or the parties to the suit intended to accept and consent to the loans reported as having been made to Miller and Fitzhugh and release their sureties from liability therefor. And especially when it is remembered, that the commissioners had wholly failed to take either bonds or security for these loans as they had been expressly required to do by the decree of the court, under which they acted. In fact they never did loan said sums of $2,000.00 and $3,000.00. They could not according to the decree, under which they were acting, make any valid loan to themselves. But if it had been possible for them to do so, they did not do it. The decree especially ordered them to take bonds with good security for the loans. Until such bond was executed and delivered to them the loan could not be considered completed. If they had attempted to loan to a third party, and *a fortiori* to one of themselves, without bond and security the loan would not have been effected, and they would be liable on their bond for failing to make the loan.

For similar reasons, I do not think there is anything in the said petition filed by the plaintiff and those under whom he claims, or in the conduct of any of said parties, that could

operate as a release of the sureties or estop the plaintiff from a recovery against the sureties in this suit. My conclusion, therefore, is, that no legal loan was made of the $3,000.00 appropriated by N. Fitzhugh, and that the said commissioners and their sureties are liable to the plaintiff on their bond for the failure of the commissioners to loan said $3,000.00 as directed by the court, and for the appropriation of the same to his own use by one of said commissioners.

In addition to the matters just considered, the appellant, Miller, assigns as error, that inasmuch as the $3,000.00, the subject of this suit, was used and appropriated to his own benefit by his co-commissioner, N. Fitzhugh, there is no personal liability on him and that he can be held liable only by reason of his being one of the obligors on the joint bond given by the commissioners and their sureties, and such being the case he should not have been by the decree made primarily liable with Fitzhugh, but only secondarily liable with the sureties.

It is well settled, where executors or other fiduciaries execute a joint bond, they stand to each other in the relation of principal and surety—each as principal *quoad* his own acts, and as surety *quoad* the acts of his co-obligors. *Hooper* v. *Hooper, supra,* p. 276; S. C., 1 S. E. Rep. 280. This rule is also true in cases like the one under consideration in which special commissioners have executed a joint bond for the performance of their duties as commissioners. It does not follow, however, that the liability of Miller in this case is only such as the sureties of him and Fitzhugh on their joint bond. Miller should stand as the surety of Fitzhugh and the original sureties merely sureties for Miller and Fitzhugh. The decree therefore should have made Fitzhugh liable primarily, Miller secondly and the original sureties thirdly. The decree of July 14, 1885, must, therefore, be so modified as to fix the order of liability as just stated. But as to the plaintiff, W. B. Brooks, all the obligors of the bond are principals and equally liable to him, this modification of the decree will in no respect affect his rights, and he being the party substantially prevailing, must recover from the appellants his costs.

DECREE MODIFIED AND AFFIRMED.