## Staunton.

## Long v. Pence's Committee.

### September 24, 1896.

1. Motions to Recover Money—*Assignee Against Remote Assignor.*—
Under the provisions of sec. 2861 of the Code an action may be main-
tained by an assignee of a chose in action against a remote assignor
thereof to recover money upon the contract implied by the assign-
ment that he will repay the consideration received by him for the
chose, if by the use of due diligence it cannot be made out of the
obligor or maker. Hence, under the very terms of sec. 3211 of the
Code, an assignee may proceed by motion against a remote assignor
for a like recovery.

2. Assignor and Assignee—*Suit on Assignment—Evidence of Assignment—
Judgment.*—In a proceeding by an assignee of a note against a remote
assignor to recover on the contract implied by the assignment, the
note is a necessary piece of evidence for the plaintiff in order to
prove the assignment, and also to show the measure of the plaintiff's
recovery; for, in the absence of proof to the contrary, the law pre-
sumes that the assignor received for the note a sum equal to that
specified in it. The fact that the note was seen and inspected by the
court need not be expressed in the entry of the judgment, but the
expression of it does not vitiate the judgment, nor show that the
judgment was rendered on the note, and not on the contract implied
from the assignment.

3. Homestead Exemption — *Waiver — Assignment — Judgment—Harmless
Error.*—The waiver of the homestead exemption in the body of a
non-negotiable note is only a waiver as to the particular obligation
expressed in the body of the note, and not as to the implied obliga-
tion growing out of an assignment of the note, and, as against the
liability of the assignor to the assignee, the former may claim the
benefit of the exemption, although the note declares that " the
drawer and endorsers each hereby waive the benefit of our homestead
exemptions." And, in an action on the assignment by the assignee
against the assignor, the statement in the entry of the judgment that
·the homestead is waived does not vitiate the judgment. The judg-
ment in this respect will be amended and affirmed.

Error to a judgment of the Circuit Court of Rockingham county, rendered October 16, 1895, on a motion wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Amended and affirmed.*

This was a proceeding by motion by an assignee against a remote assignor of a note which was conceded to be not negotiable, because it did not appear on its face to be payable at a bank in this State. The following is a copy of the note:

" $1234.00.          HARRISONBURG, VA., March 8, 1892.

Two years after date we promise to pay to Daniel S. Long or order, one thousand and two hundred and thirty-four dollars, with interest from date, the interest to be paid annually at the end of each year, for value received, negotiable and payable at the First National Bank of Harrisonburg, without offset: and we, the drawers and endorsers, each hereby waive the benefit of our homestead exemption and all other exemptions as to this debt.

                                        J. W. CARPENTER,
                                        MARY E. CARPENTER."

Endorsement on back of note:

" Pay to the order of J. W. Click, March 21, 1892.

                                        D. S. LONG,
                                        J. W. CLICK."

No evidence is certified in the record, and no bill of exception was taken. There does not appear to have been any appearance for the defendant till the succeeding term of the court, after the judgment was rendered, when a motion was made in the Circuit Court to reverse the judgment

rendered at the previous term.   The entry of the judgment complained of was in the following words:

" This day came the plaintiff by his attorney, and the defendant, upon whom it appears that notice of this motion has been duly executed, being solemnly called, came not. Whereupon, the notice and writing sued on being seen and inspected by the court, it is therefore considered by the court that the plaintiff recover against the defendant twelve hundred and thirty-four dollars, with interest thereon from the 8th day of March, 1892, until paid, and costs, on an instrument waiving the homestead."

*Sipe & Harris*, for the plaintiff in error.

*Wm. L. Yancey*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

This case is before us upon a writ of error to a judgment rendered on a motion by the assignee of a promissory note against a remote assignor.

It was contended that the law does not authorize the proceeding by motion in a case of this kind.

Sec. 3211 of the Code provides that " any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action otherwise than under section thirty-two hundred and fifteen, obtain judgment for such money.   *   *   *"   The statute thus authorizes the proceeding by motion whenever a person is entitled to recover money in an action on " any contract." The only restriction imposed by the statute as to the nature of the contract upon which the recovery may be by motion is the right to recover *money* upon it by action.   If the contract is such that the person making the motion is entitled to recover *money* upon it by *action,* he is entitled to proceed

to do so by motion, whether his right is based upon an expressed or implied contract. The remedy extends to all cases in which a person is entitled to recover money by action on contract. Report of Revisors of Code of 1849, Vol. 2, p. 832, note; and *Hale* v. *Chamberlain*, 13 Gratt. 658; and 4 Minor's Insts. (3d ed.) p. 633.

Prior to the statute authorizing a recovery from an assignor, an assignee had the right, upon the principles of the common law, to recover from his immediate assignor under the contract implied from the assignment, that the assignor would repay the consideration he had received for the chose in action assigned, if payment thereof, by the use of due diligence, could not be obtained from the obligor or maker. This implied promise was not considered, however, to extend at law to any other than the immediate assignee, and consequently no assignee could recover at law from a remote assignor. *Mackie's Exor* v. *Davis*, 2 Wash. 219; *Caton & Veale* v. *Lenox*, 5 Rand. 31, 42; *Mandeville & Jameson* v. *Riddle & Co.*, 1 Cranch, 290; and *Yeaton* v. *Bank of Alexandria*, 5 Cranch, 49. But although not assignable at law, the implied contract was deemed transferable in equity, and a court of equity would enforce it. *Riddle & Co.* v. *Mandeville & Jameson*, 5 Cranch, 322; and *Bank of U. S.* v. *Weisiger*, 2 Peters, 331.

The statute (section 2861 of the Code) provides that any assignee may recover from any assignor of such writing as is described in section 2860, but that a remote assignor shall have the benefit of the same defence as if the suit had been instituted by his immediate assignee. The effect of the statute (section 2861) is to extend to a remote assignee the benefit of the promise implied by law from an assignor to his immediate assignee, and to give to the remote assignee, as well as to the immediate assignee, the right to recover upon such implied promise. The right which he previously had in equity the statute gives to him at law. 2 Robinson

(new) Pr. 283; *Drane* v. *Scholfield*, 6 Leigh 386, 395. The right of recovery is founded in every case upon the implied contract created by the assignment, and the remedy for the enforcement of the right is the action of *assumpsit*. 3 Robinson's (new) Prac. 396; 3 Minor's Insts. (2 ed.) 436; *Arnold* v. *Hickman*, 6 Munf. 15; and *Drane* v. *Scholfield*, 6 Leigh 386.

The proceeding by motion in the case at bar is on a contract upon which the plaintiff would be entitled to recover money by action, and therefore comes within the very terms of the statute authorizing a recovery by motion.

It was also assigned as error that even if the court had the right to give judgment on the motion, it did not have the right to give such a judgment as was entered.

The alleged ground of this objection is that the judgment does not conform to the cause of action set out in the notice, and that the entry of the judgment shows that the court considered the note as the ground of the motion, and not the implied liability created by the assignment. This objection is more apparent than real. The note was a necessary piece of evidence in support of the motion in order to prove the assignment. It was also necessary to enable the court to fix the measure of the recovery; for, in the absence of proof to the contrary, the law presumes that the assignor received for the note a sum equal to that specified in it. 2. Rob. (new) Prac. 274, 457; and 3 Minor's Institutes 372 and 437. The motion being heard by the court, it was necessary for it to inspect the note for these purposes, and the statement of the fact of such inspection in the entry of the judgment, which was wholly unnecessary, is doubtless what gave rise to this objection. But if the court had entered the judgment in the formal manner contended for, it would have been for the very same amount for which it was entered. It is right in substance, if not technically right in form. The informality is a harmless error, and can work no possible injury to the

plaintiff in error.   The informal entry of a judgment is not a ground for reversing it.   Code of Va., section 3449.

A further objection was made to the judgment in that it declared, in obedience to the requirement of the statute (Acts 1889–'90, p. 117), that the homestead exemption was waived.

Waiver of the exemption, prescribed by the Constitution and by chapter 178 of the Code, is provided for in section 3647.   It reads, so far as it is necessary to notice it, as follows: "If any person shall declare in a bond, bill, note, or other instrument, by which he is or may become liable for the payment of money to another, or by a writing thereon or annexed thereto, that he waives, as to such obligation, the exemption from liability of the property or estate which he may be entitled to claim and hold exempt under the provisions of this chapter, the said property or estate, whether previously set apart or not, shall be liable to be subjected for said obligation, under legal process, in like manner and to the same extent as other property or estate of such person.   *   *   *   *."

It thus appears that the waiver is required to be in writing, and must be expressed in the bond, bill, note, or other writing itself, which is the evidence of the obligation, or by a writing thereon or annexed thereto;  and where it is so done, the exemption is declared to be waived as to the *said obligation.*

There was such waiver in the body of the note referred to, and it was expressed to be a waiver as to the endorsers as well as to the drawers (makers) of the note.   Strictly speaking the assignors were not endorsers, but the waiver would perhaps be construed to include them, according to the intention of the parties.   Yet, if so, the waiver was only as to the particular obligation expressed in the body of the note; and not as to the implied obligation growing out of the assignment, which is the ground of the motion in this case.   The lat-

ter is a wholly different obligation. The motion was not based upon the note. Neither the note, nor the obligation of which it is the evidence, was the ground of the motion, but it was, as we have seen, the implied obligation created by the assignment. As to this implied obligation, there was no waiver of the exemption, and the court erred in so adjudging. Such error is, however, not a ground for reversing the judgment, but it may be amended in this respect. And being so amended, it must be affirmed.

*Amended and affirmed.*