**Richmond.**

### WILSON v. DAWSON.

FEBRUARY 2, 1899.

1. MOTION TO RECOVER MONEY—*Section 3211 of Code—Damages for Breach of Contract.*—Damages for an injury resulting from a breach of contract, recoverable only in an action ' sounding in damages," can in no sense be considered money due upon contract, and hence a motion under sec. 3211 of the Code, as it stood when this motion was made, permitting a motion to be made in any case where a person was "entitled to recover money by action on any contract" cannot be maintained to recover damages for a breach of contract, or the profits which the plaintiff would have made if he had been permitted to fulfil his contract.

Error to a judgment of the Hustings Court of the city of Roanoke rendered April 4, 1896, in a proceeding by motion on a contract wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Scott & Staples*, for the plaintiff in error.

*Watts, Robertson & Robertson,* and *J. E. Yonge*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

On the — day of November, 1894, E. A. Wilson & Co., styling themselves general contractors for the erection and construction of a public building for the United States in the city of Roanoke,

entered into a contract under seal with Mrs. M. J. Dawson, through her agent, M. F. Normoyle, whereby she undertook to do all the foundation work of this building at prices for the masonry, excavation, and concrete work stipulated in the contract, payments for the work to be made by Wilson & Co. monthly, as the work progressed, but no time was specified in the contract within which the work was to be completed, nor was there a stipulation as to the force to be employed by Mrs. Dawson in the prosecution of the work.

Mrs. Dawson entered upon the work which she contracted to do, and prosecuted it until about the 12th of March, 1895, and on March 14, 1895, she received a letter from Wilson & Co. to the effect that if she did not, within three days from the receipt of the letter, have sufficient hands at work to complete her contract by the first of May, and continue them at work, and keep them supplied with sufficient machinery and materials, they (Wilson & Co.) would go upon the premises and do the work themselves, holding her (Mrs. Dawson) responsible for all losses which they (Wilson & Co.) might incur on account of having to pursue that course. Mrs. Dawson not having resumed work under her contract, Wilson & Co., March 19, 1895, went upon the premises and proceeded to do the work which Mrs. Dawson had contracted to do, and so notified her of their action, whereby she was dispossessed of the premises and deprived of the right to prosecute this work further.

On the 12th of November, 1895, the following notice, served upon E. A. Wilson, was filed in the clerk's office of the Hustings Court of the city of Roanoke:

" To E. A. Wilson and H. D. Schenk, partners as E. A. Wilson
    & Co.:

Take notice, that on the first day of the December term next of the Hustings Court for the city of Roanoke, Va., being the 2d day of December, 1895, I will move the said court to render judgment against you, and each of you, for the sum

of twelve hundred and forty dollars and thirty-two cents ($1,240.32), with interest thereon from the 19th day of March, 1895, being the amount which I am entitled to recover on a certain contract in writing, under seal, bearing date on the —— day of November, 1894, between E. A. Wilson & Co., of the first part, and myself, as party of the second part, the amount due me being on account of a breach of said contract on your part, as shown by the following statement of account.

(Signed)                        M. J. DAWSON,
                                        By Counsel."

The account appended to this notice consists of thirty-one items, all of which, except from 1 to 7, inclusive, and 27 and 28, having been abandoned at the trial, no further notice of them need be taken. Items from 1 to 7 are for masonry, excavation, and concrete work done, and stone quarried and delivered at the building, and stone quarried and not delivered; and items 27 and 28 are for profits claimed by Mrs. Dawson upon concrete and masonry work that she would have made had she been permitted to complete her contract.

At the calling of the case December 2, 1895, the defendant Wilson moved the court to require a further bill of particulars to be filed by the plaintiff, which was accordingly done; whereupon the defendant filed a statement of the defence of Wilson & Co. to this action. The further bill of particulars filed by the plaintiff is as follows:

"All of the items in the account filed with the notice are claimed as damages arising out of the defendant's breach of the contract in this, to-wit, that he, on or about the 19th of March, 1895, interfered with the complainants in the prosecution of the work on the contract, refused to let the plaintiffs carry out the contract, and took possession of the building, and have kept plaintiffs out ever since, and have failed to pay the amounts claimed to be due on said contract."

There was a verdict and judgment against E. A. Wilson, one of the partners of E. A. Wilson & Co., for the sum of $1,074.42 without interest, and a verdict and judgment for the plaintiff on the offsets filed by the defendant. To this judgment Wilson obtained a writ of error from one of the judges of this court.

The verdict and judgment complained of plainly include items 27 and 28 of the account sued on, which are for profits the plaintiff alleged she would have made upon the work which she was to do under her contract had there been no breach of it on the part of the defendant, that is, for damages claimed by her by reason of the breach of the contract on the part of the defendant, and the question presented at the threshold of the case is: Can the plaintiff recover, upon motion, under sec. 3211 of the Code as it stood when this action was brought, damages for a breach of her contract with Wilson & Co. ?

"If the contract is such that the person making the motion is entitled to recover *money* upon it by *action*, he is entitled to proceed to do so by motion, whether his right is based upon an expressed or implied contract. The remedy extends to all cases in which a person is entitled to recover money by action on contract." *Long* v. *Pence*, 93 Va. 586.

Sec. 3211 of the Code, as it stood when this action was brought, provides that a person "entitled to recover money by *action on any contract*, may, on motion, etc., obtain judgment therefor." There have been amendments to this section which may have enlarged its scope, but with these we have nothing to do.

In discussing this subject, Barton, in his Law Practice, 1067, says: "It will be observed, however, that the statute confines this motion to cases where one would be entitled to recover money by *action on any contract*, as distinguished from actions usually termed 'sounding in damages.'"

The revisors of the Code in 1849, in which the right to recover money by action on any contract on motion was first engrafted upon our statutes, say in their report:

"By this mode of proceeding, all claims of the Commonwealth, and a large number of those of individuals, are now recoverable; yet a formal point scarcely ever arises upon a motion. The case is very generally decided upon its merits. A brief notice serves the double purpose of a writ and a declaration; and though a defendant is not precluded from pleading, yet, as the case can be heard without pleading, pleadings are in fact very rarely filed. Seeing that this mode of proceeding has worked well in the cases in which it has been heretofore allowed, it seems to us advisable to extend it to all cases in which a person is now entitled to recover money by action on a contract. We do not propose to take away the right of bringing an action from any person; we propose merely, when his claim to money is on a contract, to allow him to use, if he please, the more simple remedy by motion, instead of an action. The permission to proceed in this way will, we believe, cause motions gradually to take the place of actions for all such claims. It may perhaps be objected that judgments for debts generally should not be rendered so promptly as in those cases wherein judgments are now allowed on motion; but this is not really an objection to the allowance of a remedy for such debts by motion; it merely goes to show that the notice for such debts should be longer than in the cases wherein the remedy now exists."

Clearly it was not intended by the statute in affording a more speedy remedy for the enforcement of contracts by the recovery of money due thereon by motion to extend this mode of proceeding to actions usually termed "sounding in damages." Damages for an injury resulting from a breach of contract recoverable in an action "sounding in damages" can in no sense be considered money due on a contract.

Counsel for defendant in error correctly say that the plaintiff in the court below was unquestionably entitled to recover money by an action of covenant on her contract, but his contention that the remedy by motion, under sec. 3211 of the Code, may be substituted for an action of covenant on the contract is wholly untenable, certainly as that section stood when this action was brought. We have been cited to no authority, and have been able to find none, which sustains this contention.

The utmost that the plaintiff had a right to recover in this mode of proceeding is the amount of the first seven items of

the account filed with the notice, and therefore the verdict and judgment, including damages for the breach of the contract, embraced in items 27 and 28 of the account, is, we think, clearly erroneous, and should be reversed and annulled.

It becomes unnecessary for us to consider other questions raised in the record.

The judgment complained of will be reversed and annulled, the verdict of the jury set aside, and the cause remanded to the court below for a new trial, to be had in accordance with this opinion.

*Reversed.*