## Richmond.

### MUNDY'S EXECUTORS V. GARLAND AND OTHERS.

November 16, 1911.

Absent, Cardwell, J.

1. MOTION UNDER SECTION 3211 OF CODE—*Contract to Pay Money—Contingent Liability.*—Whenever a person is entitled to recover money in an action "on any contract," he may proceed by motion under section 3211 of the Code to recover it. The only restriction imposed by the statute as to the nature of the contract upon which the recovery may be by motion is the right to recover *money* upon it by action. If the contract be one by which, upon the happening of certain things, the defendant binds himself to pay money, the amount of which, after the happening of the contingencies provided for, is a mere matter of calculation, it is a contract for the payment of money and may be proceeded on by motion under said section.

2. MOTION UNDER SECTION 3211 OF THE CODE—*Contract to Pay Deficiency on Resale of Land.*—An agreement by which a defendant authorizes the plaintiff to resell land theretofore purchased by him of the plaintiff at a stated price, and binds himself to pay any deficiency arising from such sale, together with interest and the cost of the resale, is a contract for the payment of money, the amount of which is readily ascertainable after the resale, and may be proceeded on by motion under section 3211 of the Code.

Error to a judgment of the Circuit Court of Botetourt county in a proceeding by motion under section 3211 of the Code. Judgment for the defendants. Plaintiffs assign error. *Reversed.*

This is a proceeding by notice and motion under section 3211 of the Code. The notice and contract which is made a part of the notice are as follows:

"To J. L. Garland and Mattie V. Garland:

"You are hereby notified that on the 25th day of August, 1910, that being the first day of the August term of the Circuit Court of Botetourt county, we shall move the said court for a judgment against you and each of you for the sum of $1,300.76 (thirteen hundred dollars and seventy six cents) with interest thereon from the 14th day of May, 1910, until paid, the same being due to us as executors of James Mundy, deceased, by virtue of a certain contract in writing, bearing date April 4, 1910, a copy of which is hereto attached and made a part of this notice, between us as parties of the first part and you as parties of the second part; we, the executors of the said James Mundy, having advertised the mill property mentioned in the said contract to be sold at public auction on the 14th day of May, 1910, and on which day we made sale of the said property at public auction for cash, at which sale the said property brought the sum of $8,300.00 (eight thousand three hundred dollars) and we did incur and expend in costs and expenses in and about advertising the said property and sale thereof the sum of $34.26, which together with the interest on the $9,500.00 mentioned in the said contract, makes the said sum of $1,300.76, owing by you to us to make up the deficiency in the purchase price at the said public sale, so as to net us the said sum of $9,500.00 with interest thereon from April 2, 1910, for said property as provided by the said contract, as shown by the following statement, namely:

"Amount of agreed price of property,. . . . . . . $9,500.00
Interest from April 2, 1910, to May 14, 1910,      66.50
Costs of advertising and sale,. . . . . . . . . . . . .      34.26

Total due May 14, 1910,. . . . . . . . . . . . . . . . . $9,600.76

Deducting price property was sold for,....$8,300.00

Leaving due us by you,.................$1,300.76
which bears interest from May 14, 1910.

"W. P. MUNDY

A. H. MUNDY

W. P. BARLEY

Executors of James Mundy dec'd.

"E. V. BARLEY

  C. M. LUNSFORD

p. q.

"Contract, dated April 4, 1910, filed with the foregoing notice:

"This contract made and entered into this 4th day of April, 1910, by and between W. P. Mundy and A. H. Mundy and W. P. Barley, executors of James Mundy, parties of the first part, and J. L. Garland and Mattie V. Garland, parties of the second part, Witnesseth: That whereas the said parties of the first part did on the 2nd day of April, 1910, enter into a contract of sale of the following property: 'Roller Mill, known as the Buchanan Roller Mills, formerly owned by H. M. Swartz, same having recently been purchased by James Mundy, together with all the real estate conveyed to said James Mundy by H. M. Swartz, about last of January, 1910,' at the price of $9,500.00 cash on the delivery of a warranty deed, by the parties of the first part with the said J. L. Garland, and whereas the said J. L. Garland desires an extension of time within which to comply with said sale and purchase by him of the property aforesaid.

"Now, Therefore, this contract witnesseth that for and in consideration of the premises, and in consideration of the said Mattie V. Garland becoming a party with the said J. L. Garland, hereto, and in the further consideration of

$1.00 cash in hand paid, the said parties to this contract agree as follows:

"1st:—That the said executors are to proceed to advertise said mill property to be sold at public auction in such manner as to them may seem best on May 14, 1910, on such terms as they may deem proper, and if at said sale the said property described in the contract dated April 2, 1910, and referred to in this contract, shall bring less than $9,500.00, then in that event the said J. L. Garland and Mattie V. Garland hereby agree to make up the difference between the price it may bring at the said public sale and the said agreed price of $9,500.00 together with 6% interest thereon from April 2, 1910, and all costs and expenses incurred by said executors in and about advertising said property and sale thereof. In other words, the said J. L. Garland and Mattie V. Garland hereby agree to make up any deficiency in said purchase price at said public sale so as to net the executors $9,500.00, with interest thereon from April 2, 1910.

"2nd:—The said J. L. Garland is to have the privilege at any time prior to day of public sale to pay the said executors the said sum of $9,500.00 with 6% interest thereon from April 2, 1910, also all costs and expenses incurred by them in advertising said sale, and receive the conveyance provided for in the contract of April 2, 1910.

"3rd:—The said executors shall likewise have the privilege of taking in said property at any time prior to day of said public sale and to release the said J. L. and Mattie V. Garland from this obligation to take and pay for said mill property, and all rights under this contract as to the said J. L. and Mattie V. Garland shall thereupon cease and terminate.

"4th:—If at the said public sale of said mill property it shall sell for more than enough to pay the said sum of $9,500.00 with 6% interest thereon from April 2, 1910, and costs and expenses of said sale, the surplus thereof shall go

to and become the property and be for the benefit of said executors.

"Witness the following signatures and seals the day and year first above written. .

"(Signed)  W. J. MUNDY          (Seal)
           A. H. MUNDY          (Seal)
           W. P. BARLEY         (Seal)
           J. L. GARLAND        (Seal)
           MATTIE V. GARLAND    (Seal)"

Upon motion of the defendants the proceeding was dismissed without prejudice, the circuit court being of opinion that "the plaintiffs ought not to be allowed to prosecute their alleged cause of action by motion." To that judgment this writ of error was awarded.

*C. M. Lunsford* and *E. N. Barley,* for the plaintiffs in error.

*Benjamin Haden,* for the defendant in error.

BUCHANAN, J., (after making the foregoing statement,) delivered the opinion of the court.

The question involved in this case is whether or not a motion under section 3211 can be maintained upon the contract upon which it is based. That section provides, that "any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action otherwise than under section 3215 of the Code, obtain judgment for such money . . . ."

As was said by Judge Riely in delivering the opinion of the court in *Long* v. *Pence,* 93 Va. 584, 586-7, 25 S. E. 593, 594, "The statute thus authorizes the proceeding by motion whenever a person is entitled to recover money in an action on 'any contract.' The only restriction imposed by the statute as to the nature of the contract upon which the recovery may be by motion is the right to recover *money upon* it by action. If the contract is such that the person

making the motion is entitled to *recover* money upon it by *action,* he is entitled to proceed to do so by motion, whether it is based upon an express or an implied contract. The remedy extends to all cases in which a person is entitled to recover money by action on contract."

The agreement upon which this motion is based is clearly a contract upon which the plaintiffs could maintain an action to recover money. It authorizes the plaintiffs to resell the land which the defendants had theretofore agreed to purchase at the price of $9,500, and binds the defendants, if upon such resale it should bring less than $9,500, to make up the difference between the price obtained at such resale and the agreed price of $9,500, together with six *per cent.* interest thereon from April 2, 1910, and all costs and expenses incurred by the plaintiffs in making such resale. It was a contract by which, upon the happening of certain things, the defendants bound themselves to pay money, the amount of which after the happening of the contingencies provided for was a mere matter of calculation.

The notice avers the happening of the contingencies upon which the defendants agreed to pay and the amount of money due under the contract. Whether those averments are true or not is a question of proof. But clearly, as it seems to us, the contract upon which this motion is based is one upon which the plaintiffs had the right to proceed under section 3211 of the Code as construed in *Long* v. *Pence, supra; Morotock Ins. Co.* v. *Pankey,* 91 Va. 259, 266, 21 S. E. 487; *Union Central Life Ins. Co.* v. *Pollard,* 94 Va. 146, 26 S. E. 421, 64 Am. St. Rep. 715, 36 L. R. A. 271; *Grubb* v. *Nat. Life, &c. Co.,* 94 Va. 589, 27 S. E. 464; *Wilson* v. *Dawson,* 96 Va. 687, 32 S. E. 461.

The judgment complained of must be reversed and the cause remanded to be further proceeded with in accordance with the views expressed in this opinion.

*Reversed.*