# CHARLESTON.

MOORE v. HENRY *et al.*

Submitted May 6, 1915.   Decided May 18, 1915.

OFFICERS—*Commissioner's Bond—Right of Action—Parties.*

> One to whom money is payable from a special commissioner can not in his own name recover the same by an action at law on the special commissioner's bond. Recovery at law on the bond can only

· be had in the name of the State, the obligee in the bond, for the use
and benefit of him to whom the special commissioner should pay.

Error to Circuit Court, Mercer County.

Action by A. J. Moore against J. R. Henry and others.
Judgment for plaintiff, and defendant brings error.

*Reversed and dismissed.*

*John Randolph Henry,* and *D. M. Easley,* for plaintiffs in
error.

*Woods & Martin,* for defendant in error.

ROBINSON, PRESIDENT:

Moore purchased land sold under decree in a chancery suit
for the enforcement of a judgment lien. The sale was made
by Henry, as a special commissioner appointed by the decree.
The purchaser paid to the special commissioner the full pur-
chase price. Thereafter the sale was confirmed. The decree
of confirmation directed the special commissioner to make a
deed to the purchaser and to distribute the purchase money
to those named as entitled thereto. The deed was duly exe-
cuted and delivered to the purchaser. But the decrees of
sale and confirmation had been entered upon a bill taken for
confessed as to all the defendants to the cause. Soon after
the judicial sale, the entry of the decree of confirmation, and
the delivery of the deed to the purchaser, the principal
defendant in the cause filed a petition therein assigning errors
in the proceedings and praying a reversal of the decrees.
On this petition there was process as against the opposite
parties. The petition operated as a substantial compliance
with Code, ch. 134, sec. 5. Later, at a hearing upon this
petition all the proceedings in the cause were reversed and
set aside. Among other errors and irregularities it appeared
that the holder of the legal title to the land had not been
brought into the cause or before the court.

Up to the time of the reversal the special commissioner
had made no report as to any disbursements. At the time
of the hearing on the petition to reverse, he came in and filed
a report in which he claimed a partial distribution of the
money. He returned no vouchers therewith. The court

would not allow him all the items which he claimed as disbursements. It ascertained that a particular portion of the purchase money was still in his hands, and as a part of the decree of reversal made the following order: "It is therefore considered by the court that the said Special Commissioner J. R. Henry do repay, and he is hereby directed to repay, to the purchaser A. J. Moore the said sum of $260.35, received by said Special Commissioner from the said Moore and paid to him on the purchase price of said lands at the attempted sale thereof." To the entry of this order the special commissioner excepted. But he prosecuted no appeal from the same.

For recovery of the sum so directed to be repaid, Moore instituted before a justice of the peace an action against Henry and his surety on the bond which he had given as special commissioner. A judgment rendered by the justice against the defendant was appealed from. In the circuit court, the case was submitted upon the record of the chancery cause and the bond of the special commissioner as the only evidence. That court, acting in lieu of a jury, gave judgment in favor of Moore against Henry and the surety for the amount which the order in the chancery cause directed to be repaid, with proper interest thereon. It is from that judgment that we have this writ of error.

There is one feature of the case that determines it finally and precludes consideration of all other matters advanced in the briefs. The action is in the name of Moore personally. Yet the obligation upon which recovery is sought, the official bond, is payable to the State pursuant to the statute. Moore is not the obligee in the bond. It contracts no liability to him. The State is the obligee. Then can Moore maintain an action on the bond in his own name? An action on it can be maintained in the name of the State for his use and benefit. But that is only by force of the statute. Code, ch. 10, secs. 2 and 3. Moore has no legal interest in the bond except through the statute which gives right of action for his use and benefit in the name of the State. He is not a party to the bond. Nor has he derived any right therein from the obligee other than by statute. For right on the bond he must resort to the statute. No statute gives him the right

to sue on a special commissioner's bond merely in his own name. The only statute that can avail him in the premises is the one which has been cited above. It gives right of action in the name of the State for his benefit, but not right of action in his own name. He has only the limited right which the State as obligee has assigned him by the statute.

Upon what principle could we say that the ordinary common law obligation which the face of a bond payable to the State evidences, has been changed further than the statute has changed it? The statute, as we have seen, has set over to another no right or remedy in such a bond except to obtain a recovery thereon in the name of the State. No right or remedy to sue directly in the name of a private party has been given.

The suit was not maintainable in the name of Moore. The bond on its face shows no privity with him. The common law gives him no right in such a bond or remedy thereon, for he is not a party to it. The statute has given him a right and remedy, but has confined the same to a suit in the name of the State for his benefit. Only in a suit so prosecuted would the bond be admissible as warranting recovery for his claim.

We have questioned whether all this should be different, since the action is one begun before a justice. But we cannot so hold. In this connection, referring to the very subject now at hand, Mr. Hogg says: "In as much as a justice of the peace has no equity jurisdiction, the proceedings before him must be conducted with reference to the parties to the suit, upon the principles regulating this matter in courts of law. It is a general rule at common law that an action upon a contract, whether express or implied, must be brought in the name of the party in whom the legal interest or right of action is vested. The legal interest in a contract is in the person to whom the consideration passes. Therefore no one can sue to recover on a contract who is not a party to it, unless he derives his rights from the original party to it, or by the express provision of the law as here shown." Hogg's Treatise and Forms, sec. 41 (1).

True, one may maintain an action in his own name on bonds executed under any of the provisions of chapter 50

of the Code. The Legislature has seen fit to change the common law as to them, but it has neglected to do so as to other official or court bonds. As to the latter, when payable to the State, suit must be brought in the name of the State for the use of the party entitled to any benefit under the same. Hogg's Treatise and Forms, sec. 41 (2).

In *Brooks* v. *Miller*, 29 W. Va. 499, this court held that in equity the party injured by the breach of an official bond payable to the State could seek recovery under it in his own name. But in the opinion Judge SNYDER remarked that it was different in a law action. Referring to the statute giving right of suit in the name of the State, he said: "In actions at common law this statute may be regarded as mandatory and should be pursued strictly, but such has never been the practice in courts of equity."

The exact point which we have under consideration was involved in *Carmichael* v. *Moore*, 88 N. C. 27. There the court said: "As the right to sue on the bond is wholly derived from the statute, it must be exercised in the manner there provided and in no other way." And similarly in *White* v. *Wilkins*, 24 Me. 299, the court held: "No private suit can be maintained on an official bond made to the State, or its treasurer, without its consent. And when the statute giving consent prescribes the remedy, that remedy must be pursued." Other references in point are: 15 Enc. Pl. & Pr. 105-115; 3 Robinson's Practice, 352.

We must dispose of the case as the circuit court should have disposed of it. That court, acting in lieu of a jury, had the case as upon demurrer to the evidence. A finding for the defendants and a judgment of dismissal was called for. The judgment will be reversed, and an order dismissing the action will here be entered. The dismissal of course will be without prejudice to a suit on the bond in the name of the State for Moore's use and benefit.

*Reversed and dismissed.*