# CHARLESTON.

C. M. White *v.* I. M. Conley *et al.*

(No. 6423)

Submitted March 4, 1930.  Decided March 11, 1930.

*N. D. Waugh* and *Chas. L. Estep,* for plaintiffs in error.
*J. E. Peck,* for defendant in error.

MAXWELL, JUDGE:

I. M. Conley, a justice of the peace of Logan county, and American Surety Company, surety on his official bond, prosecute this writ of error to a judgment of the circuit court of said county rendered against them on said bond for the sum of $150.00 in favor of C. M. White upon a notice of motion for judgment.

The background of the suit: On the 24th day of November, 1925, White obtained a judgment before Conley, justice of the peace as aforesaid, for $150.00 and costs, against Willie Deskins and Riley Damron. On the 30th day of November, 1925, Deskins and Damron, upon filing with the justice a bond in the penalty of $300.00 with Nick Borders as surety, obtained a stay of execution for six months. Upon expiration of the stay, the latter part of May, 1926, White called upon the justice with reference to the claim and at the suggestion of the justice undertook to ascertain the whereabouts of the surety on the stay bond, but White did not demand of the justice that he issue execution on the bond, nor did he direct the justice not to issue such execution. Execution was not in fact issued until the 10th day of December, 1927, and was returned "no property found". This proceeding against the justice and his surety was instituted on the 25th day of January, 1928.

Section 126, Chapter 50 of the Code reads: "If the judgment with interest and costs, be not paid when the stay expires, the bond shall have the effect of a judgment, and the execution shall issue jointly against the judgment debtor and the parties who signed the bond. It shall be the duty of the justice to issue such execution within three days after the stay expires, unless otherwise ordered by the party who is entitled to receive the money to be collected thereon." The position of the plaintiff is that by reason of the failure of the justice to issue execution on the bond within three days after the expiration of the stay, pursuant to the mandatory requirements of the statute (the plaintiff having failed to recover the amount of his debt), liability exists against the justice and the surety on his official bond for the amount of the plaintiff's judgment and costs obtained by him against Deskins and Damron. This proposition is embodied in plaintiff's instruction No. 1, which was given to the jury by the trial court: "The court instructs the jury that when in an action before a justice of the peace a stay bond is given and the judgment with interest and costs is not paid when the stay expires, the statute is mandatory and requires the justice before whom said action is pending, to issue execution thereon within three days after the stay expires, unless ordered by the party entitled to receive the money thereon, not to do so and unless the jury should find from the evidence in this case that the said C. M. White ordered the defendant I. M. Conley not to issue execution on said stay bond, then the jury should find for the plaintiff."

The first point of error goes to the manner in which the suit is brought. It is urged by the defendants that the notice should have run in the name of the State of West Virginia for the use and benefit of the plaintiff. This point is well taken. The defendants' motion to quash the notice should have been sustained. The official bond of a justice of the peace is payable to the State of West Virginia. Code, chapter 10, sections 1 and 14. It is provided in section 2 of chapter 10 of the Code that suit on official bonds may be prosecuted in the name of the State of West Virginia. In *Brooks* v. *Miller*, 29 W. Va. 499, 2 S. E. 219, JUDGE SNYDER, speaking for the

Court, said that section 2, so far as it relates to law actions, should be regarded as mandatory and be pursued strictly. See also *Moore* v. *Henry,* 76 W. Va. 271, wherein at page 275, 85 S. E. 527, other authorities, both decisions and·texts, are cited and quoted from in support of the proposition laid down by JUDGE SNYDER. "At common law, only the obligee named in the bond of a public official can maintain an action on it. So, where the state is obligee, the action must be brought in the name of state, even though the sum recovered must be paid into a fund applicable to a particular office, unless a statute expressly authorizes a party aggrieved to sue in his own name." 46 Corpus Juris, 1078. The common law rule that actions on bonds payable to the state must be brought in the name of the state is recognized in *McDermott* v. *Guaranty Company,* 85 W. Va. 720, 120 S. E. 683. This must be taken as settled law and adhered to. To meet this proposition, however, the plaintiff says that this proceeding is properly brought in the name of the plaintiff alone, under the provisions of section 18 of chapter 50 of the Code. That section reads: "Subject to the provisions of sixteenth section of this chapter, a justice shall have jurisdiction of actions on bonds given pursuant to this chapter, and suit may be brought on any such bond, before the justice or court having jurisdiction, by and in the name of any person sustaining loss or damage, by reason of the non-performance of the conditions thereof." The plaintiff's position in this particular is not sound, because the bond in suit is not a bond given pursuant to any provision of chapter 50 of the Code, but is an official bond given in pursuance of requirements of chapter 10 of the Code.

The second point of error challenges the propriety of the plaintiff's proceeding against the justice and his bondsman upon a notice of motion for judgment. It is said that this is in reality a simple action in tort for the failure of an officer to perform a legal duty, and that the action cannot be upon notice of motion for judgment because such proceedings lie only on matters arising on contract. Code, chapter 121, section 6. This is not a claim arising in tort, but, though arising in contract, it does not follow that a proceeding upon notice of motion for judgment is necessarily a proper procedure.

The statute, just cited, authorizes proceedings upon notice of motion to recover money on contract. It does not authorize such procedure on a claim of damages arising from breach of contract. Upon a bond with collateral condition, or an official bond, there may properly be a proceeding by motion for judgment for a claim which is definite, certain and fixed in amount, as for example on a claim against a justice and his bondsman for a sum of money collected by the justice under execution in favor of the claimant and not paid over to him by the justice; but if the claim sought to be collected under the bond is not definite and certain but depends upon proof as to the amount which the claimant may be entitled to recover, then a proceeding upon notice of motion for judgment is not proper. This matter was very clearly elucidated by JUDGE POFFENBARGER in *Stuart* v. *Carter*, 79 W. Va. 92, 90 S. E. 537, 539 L. R. A. 1918-D, 1070. There the action was upon a contractor's bond with collateral condition. The breach relied upon was the acquisition by a lumber company of a mechanic's lien against the obligees' property for materials furnished by the lumber company to the contractor. The claim was for a sum certain under a bond which required the obligors to do definite things for the prevention of injury, and was not an undertaking of mere idemnity against injury or damage after occurrence thereof. The proceeding upon notice of motion was upheld in that case, but the court very properly observed that a bond with collateral condition "is a contract upon which money may sometimes, but not always, be recovered, wherefore, upon a proper showing, the remedy by motion under the statute is available. A demand for payment of money on it falls within the express terms of the statute." The contrary proposition is true: A demand for the payment of damages arising from breach of contract, as contradistinguished from money due on contract, is not within the statute and a proceeding upon notice of motion for judgment will not lie. *Long* v. *Pence,* 93 Va. 584, 25 S. E. 593; *Wilson* v. *Dawson,* 96 Va. 687, 32 S. E. 461; *Mundy* v. *Garland,* 112 Va. 743, 72 S. E. 713. The claim at bar cannot properly be considered a claim for a sum certain. It is a claim for damages arising out of contract—the contract being

the undertaking between the justice and his bondsman on the one part and the state on the other part, that the justice would faithfully discharge the duties of his office. It is, therefore, evident under the principles above discussed that this claim cannot be prosecuted upon notice of motion for judgment.

The next point relied on by plaintiffs in error is that the matter of issuance of execution by a justice of the peace is a judicial and not a mere ministerial function and therefore that any dereliction on the part of a magistrate in connection with the issuance of an execution is not actionable unless such dereliction was prompted by corrupt or improper motives. It is true that some of the courts of last resort so hold. Typical of such cases is *Wertheimer* v. *Howard,* 30 Mo. 420, 77 Am. Dec. 623. The general rule, however, is that the issuance of execution by a justice is a ministerial duty. 35 Corpus Juris 475; 16 Ruling Case Law 348. It follows, therefore, that a magistrate is not immune from suit for improper conduct in connection with the issuance of an execution.

The remaining point of error is that there was no proof adduced by the plaintiff to show that he suffered pecuniary loss because of the failure of the justice to issue an execution on the stay bond within three days after the expiration of the stay, as required by the statute; that, on the other hand, it affirmatively appears from the evidence of the defendant that no benefit would have resulted to the plaintiff through the issuance of such execution because at the time of the expiration of the stay neither the judgment debtors nor the surety on their stay bond had any personal property which could have been subjected to the levy of an execution, nor did any of them then have real estate which could have been proceeded against upon failure to collect the debt out of their personal property. The evidence shows that although the bond was probably collectible at the time it was executed, it could not be enforced at the time of the expiration of the stay and subsequent thereto, because of the then financial condition of the principals and surety thereon. Even if an execution had issued plaintiff would not have been benefitted thereby. In such case the measure of recovery would not be the

amount of the debt but the actual extent of the loss by reason of the magistrate's dereliction. "The neglect of a justice of the peace to issue an execution when required by law, is the breach of a ministerial duty for which an action may be maintained by the judgment creditor on his official bond. The measure of damages in such cases is not necessarily the amount for which the execution should have issued, but the loss suffered by the creditor from the neglect." *Gaylor* v. *Hunt*, 23 Ohio State 255. Of the same import is the case of *Buck* v. *Trout*, 75 Ind. 563.

Our discussion of the last point, involving proof of loss, demonstrates the error in the giving of plaintiff's instruction No. 1, hereinabove quoted. That instruction told the jury, in effect, to find for the plaintiff if they believed from the evidence that the magistrate, without justification, had failed to issue an execution on the stay bond within three days after the expiration of the stay, as required by statute. It disregarded the question of whether the jury believed from the evidence that the plaintiff actually suffered any loss or damage because of such failure on the part of magistrate.

For the foregoing reasons we set aside the verdict, reverse the judgment and dismiss the action without prejudice to the plaintiff to prosecute such other or further suit as he may be advised is proper.

> *Reversed; verdict set aside;*
> *action dismissed without prejudice.*