MARGARET HENSLEY *v.* STANLEY M. (S. M.) COPLEY *et al.*

(No. 8996)

Submitted October 22, 1940. Decided November 19, 1940.

*F. F. Scaggs,* for plaintiff in error.

*W. Earl Burgess,* for defendant in error Margaret Hensley.

RILEY, PRESIDENT:

In this notice of motion proceeding, instituted in the Circuit Court of Wayne County, in which Margaret Hensley was plaintiff and S. M. Copley and Chris Copley were original defendants, S. M. Copley prosecutes error to a judgment rendered against the original defendants and one Florence Copley, and to a judgment (erroneously designated a decree) refusing to reverse the former judg-

ment upon the petition of said original defendants filed in said circuit court.

On December 12, 1933, Florence Copley, administratrix of the estate of Allen Taylor Hensley, deceased, gave bond as such administratrix in the County Court of Wayne County in accordance with Code, 6-2-2, with the defendants, S. M. Copley and Chris Copley, as sureties thereon, payable to the State of West Virginia, and conditioned upon the faithful performance of her duties as administratrix. Prior to the institution of this proceeding, plaintiff, Margaret Hensley, a claimant to decedent's estate, had obtained a judgment in the circuit court against the administratrix, in the amount of $360.00, with interest and costs. In the notice of motion liability is asserted against the administratrix and sureties on the basis of the judgment and a claimed liability on the bond.

To the notice of motion plaintiff in error filed a purported plea in abatement, which, because it directs attention only to matters appearing on the face of the notice, should and will be regarded as a demurrer. None of the grounds asserted therein directs attention to the fact that this proceeding was instituted by plaintiff in her individual capacity and not in the name of the State of West Virginia, notwithstanding the bond is payable to the State. We cannot, however, overlook the fatal impropriety of this proceeding. The question raised is entirely jurisdictional. Code, 6-2-2, provides: "Every official bond, and every bond required by law to be taken or approved by, or given before, any court, board or officer, shall, unless otherwise provided, be made payable to the State of West Virginia, and shall be signed by one or more sureties deemed sufficient by such court, board or officer, and be proved or acknowledged before, or approved by, such court, board or officer." Surely the bond of an administrator, which, under Code, 44-1-6, must be given in the county court of the county in which he qualifies, is one embraced within the provisions of the statute. (Code, 6-2-2.) Code, 6-2-17, provides that suits "may" be prosecuted from time to time upon any bond payable to the State of West Vir-

ginia in the name of the State, for the benefit of the State, and of any county, district, corporation, or person injured by a breach of the condition of such bond, until damages are recovered in an aggregate equal to the penalty thereof. Notwithstanding the use of the word "may", the latter section of the Code is mandatory as applied to the enforcement in courts of law of bonds payable to the State. In *Moore* v. *Henry,* 76 W. Va. 271, 85 S. E. 527, it was held that recovery in an action at law can be had on a special commissioner's bond only in the name of the State of West Virginia, for the use and benefit of the party to whom the special commissioner should pay money in his hands. See also *Brooks* v. *Miller,* 29 W. Va. 499, 504, 2 S. E. 219, to the effect that chap. 10, sec. 2 of the West Virginia Code, 1868, (Code, 1931, 6-2-17), notwithstanding that it provides simply that suits for breaches of bonds payable to the State *"may" be prosecuted in the name of the State,* is mandatory as applied to actions at law and should be strictly pursued. In *White* v. *Conley,* 108 W. Va. 658, 152 S. E. 527, this Court held that an action at law on the official bond of a justice of the peace can be prosecuted only in the name of the State. The rule seems to be otherwise as to an official bond not payable to the State. Thus, in *State ex rel. County Court of Preston County* v. *Williams,* 115 W. Va. 204, 174 S. E. 873, it was held that an action cannot be maintained in the name of the State upon the official bond of a sheriff payable to the county.

Plaintiff's counsel, however, in oral argument suggested that the strict rule does not apply here, because judgment had been obtained against the principal on the bond in an action at law prior to the instant proceeding. The reason advanced does not, however, seem sound. No judgment was obtained against the sureties in the prior action and no privity of contract lies between them and the plaintiff here. Whatever privity of contract lies between the parties must be found in the bond itself. There, expressly such privity is only between the State of West Virginia on the one hand and the principal and sureties on the bond on the other. After carefully considering counsel's

suggestion, we are convinced that the law of procedure governing law actions on bonds, such as the one involved here, is based solely on privity of contract. It follows that this proceeding should have been brought in the name of the State of West Virginia.

As an additional objection to jurisdiction, plaintiff in error asserts that notice of motion for judgment is not the proper remedy. Code, 56-2-6, provides that any person entitled to recover money by action on any contract may do so on notice of motion for judgment. Thus from the statute itself, it appears that the remedy is confined to liability on contract and not for damages for breach of contract. In *Stuart* v. *Carter,* 79 W. Va. 92, 90 S. E. 537-39, L. R. A. 1918 D, 1070, it was held that motion for judgment will lie to assert liability for money due on a bond with collateral conditions. Of course, notice of motion for judgment may not be employed to assert a claim which sounds in damages as contra-distinguished from a liquidated money demand. *White* v. *Conley, supra.* Here, however, liability is asserted not for damages for the breach of the instant bond, but on the bond contract itself for an amount due and liquidated, as shown by the finding of the commissioner of accounts and the judgment against the principal on the bond entered in a prior action.

We therefore reverse the judgments of the trial court so far as plaintiff in error is affected thereby, and judgment will be entered here in his favor awarding costs against plaintiff both in this and the circuit court.

*Judgments reversed as to plaintiff in error, and judgment entered here.*