# Wytheville

## CITY OF RICHMOND v. BURTON.

### June 12, 1913.

1. VERDICTS—*Evidence to Support.*—Although the facts of a case are controverted, the verdict of the jury will not be set aside, where there is evidence sufficient to sustain the verdict, and the jury have been properly instructed.

2. CONTRACTS—*Engineer's Estimates—Finality.*—Under a contract for the construction of a sewer providing that the city engineer shall decide all questions and disputes of every nature relative to the construction, prosecution and fulfilment of the contract, and as to the character, quality, amount and value of the work done and materials furnished, and that upon all such points his decision is to be final and conclusive on both parties, the parties are bound to abide by the decision of the engineer although it be erroneous, unless it be clearly proved by a preponderance of the evidence that such decision was fraudulently made, or that such a gross mistake was made thereby as necessarily to imply bad faith on his part, or a plain failure to exercise an honest judgment.

3. APPEAL AND ERROR—*Favorable Verdict—Adverse Instruction.*—A party in whose favor a verdict is found cannot assign as error the giving of an adverse instruction.

4. CONTRACTS—*Extra Work—Case at Bar.*—The contract in suit, like all other contracts, must be read as a whole so as to give effect to all of its parts. So reading said contract, the word "extra" used in section 23 requiring that the "amount of such extra costs and expense shall be ascertained before the commencement of the work" has no reference to work arising out of and entirely independent of the contract (something not required in its performance), but is the equivalent of *additional* work which was required in the performance of the contract— not necessary to the performance of the contract, in the sense that the contract could not be carried out without it, but necessary in the sense that by means of it the contract could be more conveniently and beneficially performed, in the interest of both parties.

5.  CONTRACTS—*Case at Bar—Powers of Assistant Engineer.*—Looking
      to the entire contract in suit, it cannot be said as a matter of
      law that the assistant engineer had no power to authorize the
      excavation of a trench wider than that set out in the contract
      and the specifications and the original profile.
6.  PLEADING—*Work and Labor—Motion Under Section 3211 of Code.*—
      A motion may be made under section 3211 of the Code to re-
      cover the price of work done and materials furnished in ex-
      cavating for a sewer.

Error to a judgment of the Circuit Court of the city of
Richmond in a proceeding by motion under section 3211
of the Code. Judgment for the plaintiff. Defendant as-
signs error.

*Affirmed.*

INSTRUCTIONS ASKED FOR BY THE PLAINTIFF.

"The jury are instructed as follows:

"1st. As to the last three items of the claim of the plain-
tiff offered in evidence, they must find for the defendant,
as the decision of the city engineer is final and conclu-
sive as to them.

"2nd. As to the first three items of said claim, the city
engineer or his assistant had power under the contracts
to change the lines of the trench from time to time, and if
they believe that the trench was dug by the plaintiff ac-
cording to lines furnished by the assistant engineer, or
by his subordinate under his direction, then the plaintiff
was entitled to be paid according to the amount of exca-
vation required by such lines. If they further believe that
the first three items of the plaintiff's claim offered in evi-
dence correctly represents the three amounts of excavation
embraced in said claim and not paid for by the city, then
they must find for the plaintiff as to those three items."

To the giving of the last of which instructions the at-
torney for the defendant objected, and moved the court
to instruct the jury as follows:

## INSTRUCTIONS ASKED FOR BY DEFENDANT.

1. The court instructs the jury that Burton and Driscoll, assignors of the plaintiff, and the city of Richmond entered into binding and valid contracts whereby, in order to prevent all disputes and litigations, they appointed the city engineer of the city of Richmond sole arbitrator to decide all questions and disputes of every nature relative to the construction, prosecution and fulfillment of the said contracts, and as to the character, quality, amount and value of the work done and materials furnished under the said contracts, and further bound themselves that his decision on all such points was to be final and conclusive upon both parties to said contracts, and that they must abide by his decision although it be erroneous, unless it be clearly proved by a preponderance of the evidence that such decision was fraudulently made, or that such a gross mistake was made thereby as necessarily to imply bad faith on his part or a plain failure to exercise an honest judgment.

Therefore, inasmuch as the uncontradicted evidence in this case shows that the items of the claim of $4,648.28 asserted by the plaintiff in his bill of particulars filed with his notice were submitted to the city engineer in pursuance of the provisions contained in each of the said contracts shown in evidence, and further shows that the same were rejected by said engineer and payment thereof refused, the court tells the jury that they cannot in this case find a verdict in favor of the plaintiff for either of said items constituting said sum, unless they believe from the evidence that it is clearly shown by a preponderance of the same that the decision of the city engineer was fraudulently made or that such a gross mistake was made by him in rejecting said items as necessarily to imply bad faith on his part or a failure to exercise an honest judgment.

2. The court tells the jury that the plans and specifications referred to in the contracts shown in evidence are a part of the same and are as binding as any stipulation or provision contained in said contract, unless such plans and specifications are in conflict with the contract, in which case the contract would prevail, but in this case the court tells the jury that there is no conflict between the plans and specifications and the said contract; it therefore became the duty of the contractors or their assignee, in digging the trench for the sewers, to conform with the said plans and specifications as fully and completely as if the same were incorporated into the body of the contract, and the court further tells the jury that no one of the assistants of the city engineer or inspectors upon the work had any right to make any change or departure from the plans and specifications, and therefore, even though the jury believe from the evidence that one of the assistant engineers, or inspectors, may have laid off the line of the ditch to be dug, and increased the dimensions thereof, which caused the cutting of the trench for the sewers of larger dimensions than those prescribed in the plans and specifications, yet such act on their part did not bind the defendant, the city of Richmond, and as a consequence the plaintiff is not entitled to recover in this action for the excess of excavation outside of that called for by the specifications, and they, the jury, should so find in their verdict.

3. The court tells the jury that according to the true meaning and construction of the contracts shown in evidence, neither the city engineer, nor his assistant, had any right or power, under said contracts, to change the lines or widths shown on the plans for the sewer trenches to be dug by the contractors, and even though they believe from the evidence that the assistant engineer did lay off or permit to be laid off, the trenches of a greater width than that provided for in the plans, yet the plaintiff is not

entitled to recover in this case any sum for excavation out-
side the lines and widths provided for in the said plans,
there being no evidence to show that the amount of the
extra cost and expense to which the contractor would be
entitled by reason of the widening of the said trenches,
was ascertained before the commencement of the part of
the work where such widening took place.

To the giving of which instructions so offered for the
defendant the attorney for the plaintiff objected, and there-
upon the plaintiff by counsel withdrew said second in-
struction offered by him and moved the court, in lieu of
said second instruction so offered by him, to instruct the
jury as follows:

"While it is true that under the contract the decision of
the city engineer is presumed to be correct and is final
and binding, unless fraudulent or based upon a gross or
palpable error, yet, if you believe that his decision was
based not upon his personal knowledge, but only upon the
statements or information furnished by his subordinates,
that the trench in its width was not dug by lines furnished
by his subordinates but at a width determined by the con-
tractor, and further believe from the greater weight of the
evidence that the trench was dug by lines furnished by
Van Doren under orders of the assistant city engineer,
and that the assistant city engineer deemed it necessary
for the city's interest to order such lines, then you must
hold that the decision of the city engineer was based upon
an error which palpably destroyed the right of the plain-
tiff to receive payment for the full amount of excavation
done. And if you further believe that the first three items
of the plaintiff's claim offered in evidence correctly repre-
sents the three amounts of excavation done within said
lines and not paid for by the city, then you must find for
the plaintiff as to those three items."

And thereupon the court gave instruction No. 1 offered

by the plaintiff, instruction No. 1 offered by the defendant, and, in addition, on its own motion, gave an instruction in the words and figures following:

### COURT'S INSTRUCTION.  3.

"The court further instructs the jury that if they shall believe from the evidence that it is clearly shown by a preponderance of the evidence that the decision of the city engineer was fraudulently made, or based upon false or fraudulent information, or that such a gross mistake was made by him in rejecting said items as necessarily to imply bad faith on his part or a failure to exercise an honest judgment, and if they further believe from the evidence that it was found necessary in the excavation to increase the dimensions greater than shown upon the plans, and that the line of the trench was widened by the city engineer or his assistant, and that as so widened the plaintiff's assignors dug the trench as directed, then they should find for the plaintiff for such extra amount of excavation as you may believe from the evidence was dug and assess his damages at the same rate per cubic yard as given in the original proposal."

To which action of the court, in refusing to give instruction 2 and 3 offered by the defendant, and in giving instruction No. 3 of its own motion, the defendant, by counsel, objected, but the court overruled said objection, to which action of the court in so refusing to give instructions Nos. 2 and 3 respectively offered by the defendant and in giving said instruction No. 3 the defendant, by counsel, excepted.

*H. R. Pollard,* for the plaintiff in error.

*Meredith & Cocke,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Burton brought suit against the city of Richmond to recover a balance alleged to be due for the excavation of a sewer, and recovered a judgment, which is now before us upon the petition of the city of Richmond to review certain rulings made during the trial of the case.

There appears to be no dispute as to the amount of excavation done, or the price charged. The payment of the demand was resisted by the city upon the ground that the additional work for which the claim is made was never authorized by the city or its agents, and that the officers of the city under whose supervision the work is alleged to have been done had no authority to make any change in or departure from the plans and specifications set out in the contract between the city and Burton.

In the early stages of the work the contractor seems to have conformed substantially to the plans and specifications set out in the contract, and to the profile furnished him by the city engineer, but as the work progressed it was found that material was of such a nature that the sides of the trench would give way and slough off into the ditch, and that to prevent this it was necessary to put in ribs of timber and fill in the place where the sloughing had taken place with bricks, and for the material and work thus made necessary the city made payment without objection. In consequence of this condition of things Burton approached the assistant city engineer in charge of the work for the city, and called his attention to the trouble and expressed the opinion that if the trench were made wider and the weight taken off the sides by giving the banks a slope instead of having them perpendicular, it would be to the advantage of all parties concerned. The assistant city engineer acquiesced in this suggestion, and in consequence thereof the lines of the ditch were staked off much wider

than the original plans, specifications and profile called for, and the inspector under whose supervision the stakes were set kept a measurement of the additional excavation thus rendered necessary.

These are the facts which the evidence tends to prove on behalf of the defendant in error. They are controverted by the plaintiff in error, but must be accepted by us, the verdict of the jury having found them to be true.

The view of the plaintiff in error is that the change was made and the additional work done as a matter of convenience to the contractors, as they were thereby enabled to use machinery to a greater advantage in the excavation of the trench; but there is evidence tending to show that by the method adopted the city was saved a considerable sum of money as the ribbing with timber was no longer necessary and the use of so many brick was not required.

After the evidence was introduced to the jury the court gave certain instructions. The first to which we shall call attention was asked for by the defendant, and is predicated upon that provision in the contract which declares that the city engineer shall decide all questions and disputes of every nature relative to the construction, prosecution and fulfillment of the contracts, and as to the character, quality, amount and value of the work done and materials furnished, and that his decision upon all such points was to be final and conclusive upon both parties, and they must abide by his decision, although it be erroneous, unless it be clearly proved by a preponderance of the evidence that such decision was fraudulently made or that such a gross mistake was made thereby as necessarily to imply bad faith on his part, or a plain failure to exercise an honest judgment.

To the giving of this instruction the plaintiff excepted, but we are of opinion that it correctly states the law as it prevails in this court and in other jurisdictions, and could

not be the subject of an assignment of error in any event as the judgment of the circuit court was for the plaintiff, and we, therefore, mention the instruction merely as tending to show that the case was properly submitted to the jury.

The city of Richmond offered two instructions which were refused, in which the court was asked to construe the contract between Burton and the city, and tell the jury that no one of the assistants of the city engineer, or inspectors, upon the work had any right to make any change or departure from the plans and specifications set out in the contract, even though the jury believed from the evidence that one of the assistant engineers or inspectors laid off the line of the ditch to be dug, and increased the dimensions thereof, which caused the cutting of the trench for the sewers of larger dimensions than those prescribed in the plans and specifications, yet such act on their part did not bind the defendant, the city of Richmond, and as a consequence the plaintiff is not entitled to recover in this action for the excess of excavation outside of that called for by the specifications.

The court also gave an instruction of its own motion, the first branch of which pertains to the duty of the city engineer under the contract to settle all questions of dispute as to the character, quality, amount and value of the work to be done and material furnished, and which declares his decision on all such points to be final and conclusive. It is conceded to be substantially a reiteration of the instruction upon the same subject already referred to as having been given at the instance of the plaintiff in error, and need not be further noticed. The second branch of the court's instruction is the converse of the principle announced in the instructions asked for by the city and refused by the court, and tells the jury that if it was found necessary in the excavation to increase the dimen-

sions greater than those shown upon the plans, and that the line of the trench was widened by the city engineer or his assistant, and that as so widened the plaintiff dug the trench as directed, then they should find for the plaintiff for such extra amount of excavation as they believed from the evidence was dug, and assess his damages at the same rate per cubic yard as was agreed upon in the proposal; the contention of the city being that the contract between the city and Burton constitutes the law of the case; that there could be no departure from it except as authorized by the contract itself; and that in all cases where a claim is made under a contract for extra work, it is incumbent upon the contractor to show that the amount of extra expense had been ascertained and the price and cost thereof agreed upon in writing between the city engineer and the contractor before the commencement of the work, while upon the part of the contractor the contention is that reading the contract as a whole the officers of the city in charge of the work were authorized to deviate from the plans and specifications set out in the contract, and that for the additional work authorized by the assistant engineer the city was responsible. Upon the decision of this question the determination of this controversy must depend.

We do not think that it can be successfully contended that the work here sued for was not done with the knowledge and approbation of the assistant engineer for the city. The evidence is full and complete that the attention of the city engineer was called to the trouble, the remedy suggested by the contractor and approved by the assistant engineer, and that as a consequence stakes were set which departed from the original profile furnished by the engineer's department to the contractors, and that the excavation was made in accordance with the new arrangement; that an account of the work so done was kept by the city's

inspectors by direction of the assistant city engineer; and that as to the amount of work so done and the prices charged there is no dispute.

As to the contention of the city that the change was made to meet the interest and convenience of the contractors, there is evidence strongly tending to show that the city was benefited as well as the contractors, and that by the change a sum of money amounting to four or five thousand dollars was saved to the plaintiff in error.

The contract between the city and the contractor is to be considered as a whole so as to give effect to all of its parts. This rule of construction is elementary, is not questioned and needs no citation of authorities in its support.

The second clause of the specifications provides that "The size and form of the sewer, its location and grade, the catch basins, stacks, manholes, or any other connections must conform with the plans on file in the office of the city engineer, subject to such modifications, additions or omissions as the city engineer may deem necessary during the execution of the work." And just here it may be well to observe that it is conceded that within the line of his duty the powers of the city engineer and his assistant are identical.

In clause 4 of the specifications it was provided: "Trenches to be dug in accordance with the lines, grades, depths and widths which will be given by the city engineer or his assistant from time to time. . . . Should it be found necessary in the excavation to increase the dimensions and depths greater than shown on the plans, there shall be no extra charge for such changes, but the contractor will be paid at the same rate per cubic yard as given in the original proposal."

In section 21 of the specifications it is provided that "All directions, etc., necessary to complete any of the provisions

of these, etc., specifications and give them due effect will be given by the city engineer or his assistants in charge, whenever requested by the contractor. All lines and grades will be given by the city engineer or his assistant, and the contractor will be required to protect such stakes or marks and conform his work accurately thereto."

And in section 22: "The city engineer or his assistant and inspectors shall have access at all times to any and all parts of any work being done, for the purpose of inspection, measurement and establishment of lines and grades."

In answer to all this the city contends that the authority of the city engineer and his assistants are limited and controlled by the 23rd section of the specifications, which is as follows: "Before commencing any part of the work herein specified and described, the city engineer is authorized to make such changes in the lines and grades and dimensions which may not entail any extra expense to the contractor. And in the prosecution of the work, should there be any change in the lines, grades or dimensions of the work to be done under the contract, which may entail cost to the contractor, it is understood and agreed that the amount of such extra cost and expense, the contractor shall be subjected to, shall be ascertained before the commencement of the work, and this agreement as to the amount to be paid shall be final."

We are satisfied that this section is not susceptible of the construction claimed for it by the plaintiff in error. The word "extra" as here used has no reference to "work arising out of and entirely independent of the contract, something not required in its performance," but is the equivalent, we think, of *additional* work which was required in the performance of the contract—not necessary to the performance of the contract, in the sense that the contract could not have been carried out without it, but

necessary in the sense that by means of it the contract could be more conveniently and beneficially performed in the interest of both parties to it.

That the work here sued for was not of the character contemplated in the 23rd section further appears from the fact that there was no occasion to agree upon the price of the work, for that had already been agreed upon as so much per yard, and the compensation demanded here is the price per yard of excavation as stated in the contract. That such is the definition to be given to the term "extra" as employed in the 23rd section will more plainly appear by reference to the concluding portion of clause 4 of the specifications already quoted, as follows: "Should it be found necessary, in the excavation, to increase the dimensions and depths greater than shown on the plans, there shall be no extra charge for such changes, but the contractor will be paid at the same rate per cubic yard as given in the original proposal."

We cannot say, as a matter of law, looking to the entire contract, that the assistant engineer had no power to authorize the excavation of a trench wider than that set out in the contract and the specifications and the original profile, and we, therefore, are of opinion that the circuit court did not err in refusing to give the instruction asked for by the plaintiff in error.

It is proper for us to state that there is no suggestion in this record that there was any fraudulent act or intent upon the part of any of the agents or officers of the city, and we entertain no doubt that the city engineer acted throughout with no other purpose or motive than to render exact justice to all concerned; but we are further of opinion that the jury having been properly instructed, and the evidence being sufficient to sustain their verdict, there is no error in the judgment of the circuit court upon the question thus far considered.

The point is made in the petition for the writ of error that a motion for judgment was not the proper remedy in this case; that such demand, if due at all, was for damages resulting from the breach of the contract in the notice mentioned, and was recoverable only in an action sounding in damages, and is not money which the plaintiff is entitled to recover by action on any contract.

Granting that as the law stood at the time this suit was brought the proposition as stated in the petition is sound, this case does not come within its terms, and the case of *Wilson* v. *Dawson,* 96 Va. 687, 32 S. E. 461, so far from sustaining the contention of plaintiff in error, is decisive to the contrary. It is true that it was held in that case that "damages for an injury resulting from a breach of contract, recoverable only in an action 'sounding in damages,' can in no sense be considered money due upon contract, and hence a motion under section 3211 of the Code, as it stood when this motion was made in any case where a person was 'entitled to recover money by action on any contract' cannot be maintained to recover damages for a breach of contract, or the profits which the plaintiff would have made if he had been permitted to fulfill his contract." In that case the plaintiff filed a bill of particulars which consisted originally of thirty-one items, all of which except one to seven, inclusive, and twenty-seven and twenty-eight were abandoned. Items one to seven, inclusive, it seems, were for masonry, excavation and concrete work done, and stone quarried and delivered, while twenty-seven and twenty-eight were for profits claimed by Mrs. Dawson upon concrete and masonry work which she would have made had she been permitted to complete her contract. The claims in that bill of particulars illustrate what could be done and what could not be done under the law as it then stood. The case before us is plainly of like nature with the claims in that case for masonry,

excavation, concrete work done and stone quarried, for which a recovery was permitted, while items twenty-seven and twenty-eight were for causes of action strictly "sounding in damages" for which a recovery was not allowed. As said in the opinion in the case cited: "The utmost that the plaintiff had a right to recover in this mode of proceeding is the amount of the first seven items of the account filed with the notice, and therefore the verdict and judgment, including damages for the breach of the contract, embraced in items 27 and 28 of the account, is, we think, clearly erroneous, and should be reversed and annulled."

Upon the whole case, we are of opinion that there is no error in the judgment before us, which is affirmed.

*Affirmed.*