# Richmond.

## SCOTT v. CHEATHAM AND ALS.

### November 28th, 1883.

1. HOMESTEAD—*Waiver.*—This exemption is a privilege conferred by the law on the debtor, which he may waive or claim at his election. If he claimed not during his life, after his death his widow may claim it. *Hatorff* v. *Wellford, Judge,* 27 Gratt. 356.

2. WAIVER—*No lien.*—Creditor with waiver of homestead is not a lien or preferred creditor; he has merely the right to apply homestead to satisfy his debt so far as unpaid, after taking his ratable share of his debtor's estate outside the homestead.

3. HOMESTEAD—*Rules for subjecting to decedent's debts.*—If homestead be not claimed by debtor during his life, nor by his widow after his death, the *whole* estate must be distributed *ratably* among *all* the creditors, unless there be some entitled to priority under Code 1873, ch. 126, § 25.

4. IDEM—*Idem.*—If claimed either way, and the homestead is waived as to some debts and not as to others, all the debts share *ratably* in the surplus above the exempted property, and when such surplus has been exhausted, the exempted property may be subjected to pay such portion of the waiver debts as remain unpaid. *Strange's Adm'r* v. *Strange and als.,* 76 Va. 240.

Appeal from decree of circuit court of Amelia county, pronounced 14th of September, 1880, in a creditors' suit brought by W. J. Cheatham against A. V. Scott and J. E. W. Scott in their own right and as executors or Joseph M. Scott; Mrs. P. R. Scott, widow of Joseph M. Scott; O. M. E. Scott, Lucas E. Scott, Wm. S. Wootton, and Cordelia M., his wife, and M. O. Cousins, an infant and grandchild of Jos. M. Scott. The object of the bill was the administration of decedent's estate. The cause, regularly matured,

was referred to a master for an account of decedent's assets and liabilities. The account was taken and reported. The personal estate, a small one, had been received and disbursed by the executors, leaving a small balance due them. Joseph M. Scott died seized of several small tracts of land worth, in all, $4,691. The outstanding liabilities amounted to $3,868.56, whereof $2,251.38 were debts with the homestead exemption waived, and as to the residue there was no waiver.

Opinion states the further facts.

*Hundley & Hunter*, for the appellant.

*W. J. Dance and Wood*, for the appellees.

RICHARDSON, J., delivered the opinion of the court.

Jos. M. Scott left a will by which he made provision for his wife, leaving her one-seventh of his estate. He died some time in the year 1877, and his will was admitted to probate in the county court of Amelia, at the August term thereof of that year. Upon the report of commissioners previously appointed for the purpose, dower was assigned and set apart to the widow in the said real estate by an order of the county court of Amelia, made at the October term thereof, 1878. And in addition thereto, on application for the purpose, commissioners were appointed by said county court at the October term, 1878, to assign to said widow a homestead in said real estate; and said commissioners having made their report designating the portion of said land for such homestead, said court at the November term, 1878, adopted and affirmed said report, and thus the widow had her dower supplemented by a homestead in said lands. In the progress of this suit in the court below, from time to time sale was made under decretal orders of

all the real estate outside of the portions assigned for dower and homestead. In fact, the reversion in said dower interest has been so sold. All the proceeds thus arising proved inadequate to discharge the debts due.

Consequently, on the said 4th day of September, 1880, the decree appealed from was rendered. That decree, after recognizing in general terms the right of the widow, P. R. Scott, to the homestead assigned her by the county court, goes on to provide further, "that the proceeds of the sales of the other property not claimed by or assigned to the widow should be distributed ratably among all the creditors of Jos. M. Scott, whose debts were proved in this cause, and that if, after such contribution, there should remain any balance unpaid of debts as to which the homestead was waived, then the said creditors are entitled to proceed to subject so much of the property assigned to the widow as a homestead as may be sufficient to pay off the balance of the said debts as to which the homestead was waived." It is this provision of said decree that is complained of. The question for determination by this court is, whether or not there is error in this respect in said decree. It is not necessary, nor do we express any opinion as to whether the widow was entitled to the homestead assigned her; for whether properly or improperly set apart, whether she had failed within the statutory period to renounce the provision made for her by her husband's will, and was for failure to do so precluded, is not material, as, in either event, the property claimed as a homestead is, under the circumstances of this case, liable to so much of the indebtedness of the decedent as to which the homestead exemption was waived as remains unpaid after the appropriation of the proceeds of property already sold to the creditors ratably, as provided by the decree complained of.

The decree of the court below is in exact conformity to the third section of chapter one hundred and eighty-three,

which provides that when the debtor or contractor is possessed of other estate than that which he may be entitled to hold exempt from liability, such other estate shall be subjected and exhausted before that which such debtor or contractor may be entitled to hold as exempt, shall be sold. It may be said in this case that as the husband, who was the debtor and contractor, did not in his lifetime set apart any homestead for the benefit of himself and family, the wife or widow, who was in point of fact neither debtor nor contractor, in respect to the debts proved in this case, could not for that reason come within the purview of said section. But this trouble is obviated by our statute and the decision of this court in the case of *Hatorff* v. *Wellford,* 27 Gratt. 356,. where it was decided that "a householder dying leaving a widow without having had a homestead assigned him in his lifetime, his widow remaining unmarried is entitled to claim the same and have it assigned to her."

But coming directly to the question involved in this case, it is contended by counsel for the appellant that the mode of distribution adopted by the court below is unjust to the widow, and unjust to the creditors as to whose debts there was no waiver of the homestead exemption; and it is contended that the creditors with the waiver of the homestead must be pushed upon the homestead for satisfaction, and that as to so much of the homestead as may be left after satisfaction of their debts, the non-waiver creditors, with no property outside of the homestead to look to, must be postponed until the termination of the homestead estate, when they would have the right to subject it. And it is assumed that the rule thus adopted is based upon the theory that the waiver creditors are a preferred class. The position is utterly untenable.

In this case there are no judgments, or specific liens. There can, therefore, be no questions of priority of liens

to settle. The homestead exemption is a mere privilege extended in the benignity of the law to the debtor; and he may claim the shield and protection of this privilege or not at his election. If in the case of a husband, he does not, in his lifetime, claim it, and his widow after his death does not claim it, then, under the law, the estate must be distributed ratably among all his creditors. If the homestead is claimed and set apart, whether by the husband in his lifetime or by his widow after his death, then if, as in this case, the homestead be waived as to some of the debts proved, and not waived as to others, there is no priority, but all must share ratably, as to all the property not embraced in the homestead or otherwise exempted. And when the property not embraced and so exempted is exhausted, then the creditors as to whose debts the homestead is waived, have the right of satisfaction out of the homestead of so much of such debts as remain unpaid. This results not from any specific lien or priority, but from the contract between the parties; a contract by which the debtor, in order to sustain his credit, or it may be to obtain for himself and family the necessaries of life, agrees with the creditor to waive his legal privilege of homestead. This may sometimes operate harshly and seemingly with injustice to the widow and children; but it is the result of the husband's contract—a contract which the homestead law authorizes him to make. It is apparent, therefore, that the mode of distribution pursued by the court below does not rest upon the idea that the creditor who has the benefit of the homestead waiver is a lien or preferred creditor. He is nothing of the kind; but simply has, as the result of legitimate contract and agreement, the right to invade the homestead for the satisfaction of so much of his debt as remains unpaid after taking his ratable share outside of the homestead. It is manifest, therefore, that if there had been a waiver as to all the debts due by the decedent, his

whole estate, if necessary, would have to be distributed *pro rata* among his creditors. That this is not the result in this case comes from the fact that the husband in his lifetime did not so contract, as he might have done—a circumstance that enures to the benefit of the widow; for the waiver by the husband in his lifetime is binding upon his widow after his death. *Reed and al.* v. *Union Bank of Winchester and als.*, 29 Gratt. 719.

The view above expressed conforms to our statute respecting the distribution of assets; which requires, where there are no priorities by judgment, &c., that the distribution shall be ratable. Code 1873, ch. 126, § 25. But there can be no necessity for pursuing this subject further; in fact, it need not have been pushed to the extent it has, as the whole subject, as treated in this opinion, has been fully discussed and decided by this court in *Hatorff* v. *Wellford, Judge, supra;* and *Strange's Adm'r* v. *Strange and als.*, 76 Va. 240. Both of these decisions rest upon plain and unequivocal statutory provisions. In the latter case, Burks, J., in delivering the opinion, said: "After the homestead has been set apart, the residue of the estate should be applied to the payment of the debts *ratably,* and after this residue has been exhausted, the exempted property may be subjected to the payment of such *portions* of the debts entitled to the benefit of the waiver as remain unpaid." This is exactly what was done in this case by the decree in the court below, and therefore there is no error in said decree, and the same must be affirmed, with costs to the appellees; which is ordered to be certified to the said circuit court of Amelia county.

Decree affirmed.