# Richmond

HOME OWNERS' LOAN CORPORATION V. WARREN R. REESE.

April 28, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*William Wight Venable, Kenneth C. Patty* and *Henry J. Lankford,* for the plaintiff in error.

No appearance for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On March 14, 1934, the Home Owners' Loan Corporation, hereinafter referred to as the plaintiff, granted a loan of $3,522.40 to Hazel E. Porter and Ryland M. Porter, her husband. The loan was evidenced by a negotiable, promissory note of even date therewith, made by the borrowers. It was secured by a deed of trust on real property, duly recorded. Both the note and the deed of trust waived the benefit of the homestead exemptions of the makers as to the said indebtedness.

On January 30, 1935, the Porters conveyed the same property by a deed of bargain and sale to the defendant, Warren R. Reese, its terms reciting the assumption of the deed of trust by the grantee, as a part of the consideration. In addition, the deed contained the following clause: "The party of the second part expressly assumes payment of the indebtedness secured by a certain deed of trust from Hazel E. Porter and husband, to Francis B. Watson and Tom E. Gillman, Trustees, dated March 14, 1934, securing a loan of $3,522.40 made by the Home Owners' Loan Corporation.

The defendant evidenced the assumption by executing and joining in the deed of bargain and sale to him.

Default being made in the payment of the loan, the property was foreclosed on October 1, 1936. The proceeds of the sale were credited to the note, leaving an unpaid balance or deficiency amounting to some $1,500, plus attorney's fees.

An action by notice of motion was brought by the plaintiff against the defendant to recover the balance due, as evidenced by the aforesaid note of the Porters. The defendant admitted assumption of the above indebtedness, and that the said balance was justly due by him, but denied that he waived his homestead exemption as to same.

The trial judge heard the case without a jury, and entered judgment against the defendant for the amount of the indebtedness, but refused to enter the judgment as one against which the homestead could not be claimed.

The sole assignment of error is to the action of the trial court in refusing to hold that the homestead exemption was waived as to the obligation of Reese.

The plaintiff contends that Reese by assuming the indebtedness of the Porters stepped into the shoes of the Porters, and assumed their obligation in every respect. But did Reese, by the language of the writing contained in the deed of bargain and sale to him, waive his homestead exemption?

The answer is contained in Virginia Code 1936, section 6548. This section provides how the waiver may be made, the form and the effect thereof, in the following language:

"If any person shall declare in a bond, bill, note, or other instrument, by which he is or may become liable for the payment of money to another, or by a writing thereon or annexed thereto, that he waives, as to such obligation, the exemption from liability of the property or estate which he may be entitled to claim and hold exempt under the provisions of this chapter, the said property or estate, whether previously set apart or not, shall be liable to be subjected for said obligation, * * * If a debt which is superior to the homestead, or as to which the homestead is waived, be paid off by a surety therein, the principal shall not be allowed to claim the homestead as against such surety."

The waiver must be in writing. It must be expressed in the bond, bill, note, or other instrument for the payment of money to another, or in a writing thereon or annexed there-

to. It must be the declaration of the one sought to be bound that he waives his exemption as to the obligation contained in the writing for the payment of the money. *Long* v. *Pence's Committee,* 93 Va. 584, 25 S. E. 593.

The right to claim, or to waive, the homestead exemption is a purely personal right. It is a mere personal privilege extended in the benignity of the law to the debtor, which he may waive or claim at his election. *Scott* v. *Cheatham et als.,* 78 Va. 82.

Statutes relating to the homestead and constituting a favor of the law to protect the debtor and his family, are liberally construed in favor of the debtor and strictly against the creditor. The waiver cannot be made by implication, but must be by an express declaration in writing.

It will be observed that the assumption clause in the deed of bargain and sale to Reese contains only the words that the grantee "expressly assumes payment of the indebtedness secured by a certain deed of trust * * * securing a loan of $3,522.40 * * *." No mention of the note evidencing the indebtedness is therein contained. The assumption clause in the deed contains no declaration of the waiver of the homestead. The note evidencing the indebtedness does not disclose any such declaration by Reese. There is no such declaration of Reese by writing, upon any instrument for the payment of money, or in any writing annexed thereto.

It is moreover obvious that a waiver of the homestead could readily have been inserted in the deed of bargain and sale, or by a writing annexed thereto. There is nothing to indicate that either party gave any thought to the waiver of the homestead.

The plaintiff argues that since Reese became the principal debtor, and the Porters became his sureties, they could recover against Reese, on equitable principles, to the same extent that a recovery could be had against them. This undoubtedly would be true if their obligations were of equal dignity. The fallacy in the argument lies in the failure to observe that the debt of Reese was never superior to the homestead. The debt of the Porters was superior to

their homestead. Upon the equitable principle of subrogation, the creditor succeeded to the rights and remedies of the original debtors, the Porters, against Reese, but the creditor acquired no better right against Reese than the Porters had. Reese not having waived his homestead as to his obligation, the Porters could not secure a homestead waiver judgment against him. Since the creditor acquired no greater right than the Porters had, the creditor was not entitled to such a judgment.

After the ratification of an assumption, Mr. Justice Holt, in *Waddell* v. *Roanoke Mut. B. & L. Ass'n,* 165 Va. 229, 181 S. E. 288, 291, 100 A. L. R. 906, said: "The creditor is irrevocably subrogated to the rights of the vendor, but rights which rest upon subrogation must be measured by that yard-stick."

Nor does the last sentence of Code, section 6548, support the contention of the plaintiff. As we have observed, the failure of Reese to waive the exemption did not make his debt superior to his homestead. Therefore, if the debt of Reese, as principal, should be paid off by the Porters, as sureties, they will not have paid off a debt of Reese as to which he had waived his homestead. The debt paid off by the surety must be a debt of the principal, which is superior to the homestead of the principal, in order to entitle the surety to recover a judgment against which the homestead of the principal cannot be claimed.

We do not find that the case of the *University of Richmond* v. *Stone,* 148 Va. 686, 139 S. E. 257, supports the contention of the plaintiff. The question of a homestead waiver was not involved in that case. The question there was the amount of the indebtedness constituting the lien and affecting the title. The court held that the liability of the subsequent purchaser is measured by the amount of the mortgage which the mortgagee agreed to pay, and that this amount might include attorney's fees provided for on the face of the note secured by the deed of trust or mortgage, if legally incurred. The assumption of such a debt by a

grantee makes him and the property both liable for the amount for which the maker of the debt was liable.

The right to claim or to waive a homestead is a question apart from the amount of the indebtedness. The waiver or non-waiver of the homestead does not increase or diminish the indebtedness. It simply increases the chance of the creditor to collect the debt owing to him from other sources, by denying the debtor the right to withdraw a portion of his property from execution or levy.

There is no error in the judgment of the trial court, and its judgment is affirmed.

*Affirmed.*