**In re Charles Jacques Barbarossa, Bankrupt.**

**Charles Jacques BARBAROSSA, Appellant,**

v.

**BENEFICIAL FINANCE COMPANY OF NEWPORT NEWS, Appellee.**

**No. 77–117–NN.**

United States District Court, E. D. Virginia, Newport News Division.

Oct. 11, 1977.

R. M. Brown, Jr., Newport News, Va., for appellant.

H. Vincent Conway, Jr., Newport News, Va., Ronald J. Berg, Norfolk, Va., for appellee.

## MEMORANDUM ORDER

KELLAM, Chief Judge.

Appellant Barbarossa executed a promissory note, including a provision which waived his homestead exemption, in favor of appellee, Beneficial Finance Company of Newport News. Subsequently, appellant recorded a homestead deed in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia, after having filed a voluntary petition in bankruptcy on April 13, 1977. Appellee, an unsecured creditor, sought relief in the Bankruptcy Court for the stay created by the bankruptcy petition for the purpose of pursuing state court remedies against appellant-bankrupt's homestead and further sought a stay of the bankruptcy discharge and an injunction against the appellant-bankrupt from disposing of homestead property. By order of May 2, 1977, the Bankruptcy Court enjoined the appellant-bankrupt from disposing of his homestead property. Barbarossa, relying upon § 6.1–289, Code of Virginia (1966), moved to dissolve the order and simultaneously applied for a permanent injunction to enjoin Beneficial Finance from proceeding against the homestead property. By order of June 28, 1977, from which this appeal is taken, the Bankruptcy Court granted the relief sought by appellee Beneficial Finance and denied appellant-bankrupt's application for a permanent injunction.

■ Appellant's first contention, that a provision in a promissory note waiving the homestead exemption is void as against public policy, is without merit. While it is true that jurisdictions not having constitutional or statutory authorization for homestead exemption waivers have found them void as against their public policy, Virginia is among those jurisdictions that permit the householder to waive the benefit of his homestead exemption. The right may be granted either by constitution or statute, or both. The validity of such waivers is now established in Virginia under § 34–22, Code of Virginia (1950). Until the revision of the Constitution of Virginia which became effective July 1, 1971, §§ 190–193 of the Constitution of 1902 permitted waiver of homestead exemption, as did the statute, Code of Virginia 1919, § 6548. The waiver was held proper and constitutional in *Reed v. Union Bank of Winchester*, 70 Va. (29 Gratt) 719 (1878) and in *Wray v. Davenport*, 79 Va. 19 (1884). *See also White v. Owen*, 30 Gratt 43 (1878); *Huffman v. Leffell*, 32 Gratt 41 (1879); *Scott v. Cheatham*, 78 Va. 82 (1883); *Linkenholer's Heirs v. Detrick*, 81 Va. 44 (1885). The Court in *Reed, supra*, found that while the allowance for homestead exemptions in the constitutions and/or statutes of those jurisdictions that prohibited waiver was mandatory in nature, the home-

stead exemption granted under Virginia law was permissive (. . . "he [householder] shall be entitled to hold . . ."). 70 Va. 723. Substantially identical language is found in § 34–4. "Exemption created." Code of Virginia (1977). The Court reasoned that the purpose of the homestead exemption, being to benefit the debtor and his family, was not defeated by permitting waiver, since "The true interests and the real benefit to the family is . . . to utilize the property exempted and make it the basis of credit." *Id.* at 727. The right to claim a homestead exemption now exists in Virginia by statute. It is for the legislature to say whether it may or may not be waived, and under what conditions. Virginia has spoken on the issue and established that the right to waive the homestead is not unconstitutional or against public policy. It is a personal privilege and may be waived. Vol. 8A Michie Juris., page 377, Subject, *Exemptions from Executions*, etc., Par. 18 and cases there cited. Vol. 40 C.J.S. page 563, Par. 123, Subj. Homesteads.

The second question arising from this appeal is whether § 6.1–289, Code of Virginia (1966) of the Small Loan Act precludes the waiver of the homestead exemption as permitted by § 34–22, Code of Virginia (1950). § 6.1–289, entitled "Validity of Wage Assignments, Chattel Mortgages and other liens; exemptions unimpaired," reads, in pertinent part:

> . . . nor shall any such assignment or order, or any chattel mortgage or other lien or household furniture then in the possession and use of the borrower be valid unless it is in writing, signed in person by the borrower, . . ., or if the borrower is married unless it is signed in person by both husband and wife, . . ., provided nothing in this chapter shall have the effect of impairing in any manner any rights on the part of anyone as to the exemptions under the poor debtor's law or under any other applicable exemption law as now or hereafter enacted . . .; and the provisions of this section are in addition to, and not in derogation of, the general statutes pertaining to the subject.

§ 6.1–289, as part of the Small Loan Act, provides the debtor with safeguards he would not otherwise have. In particular, this statute requires that the waiver be in writing, executed by the householder and spouse.

The inclusion of a provision in the promissory note waiving appellant-bankrupt's homestead exemption does not "have the effect of impairing in any manner any rights on the part of anyone as to exemptions under the poor debtor's laws" since the homestead exemption "is a mere personal privilege extended in the benignity of the law to the debtor, which he may waive *or* claim at his election." *Home Owners Loan Corporation v. Reese*, 170 Va. 275, 196 S.E. 625, 626 (1938), *citing Scott v. Cheatham*, 78 Va. 82 (1883). Here, appellant-bankrupt waived his exemption in order to secure a line of credit, a purpose consonant with Virginia's homestead exemption laws. *Reed, supra*, at 727. There is no conflict between the provisions of § 34–22 and § 6.1–289. The order of the Bankruptcy Court is therefore

AFFIRMED.