## CIRCUIT COURT OF THE CITY OF RICHMOND

Bank of Virginia

v.

Jean Lenz

### April 14, 1987

### Case Nos. LK-1753, LK-1754-4

By JUDGE T. J. MARKOW

On its appeal from the General District Court of the City of Richmond, plaintiff, Bank of Virginia asks that the judgments arising from credit card debts state that the defendant has waived the homestead exemption. Defendant admits that she owes the debts but denies that she waived the homestead exemption.

The homestead exemption is statutorily created and liberally construed in favor of the debtor and against the creditor. *Home Owner's Loan Corp. v. Reese*, 170 Va. 275 (1938). It may be waived only as prescribed by § 34-22 of the Code of Virginia, in which it is stated that:

> If any person shall declare in a bond, bill, note or other instrument by which he is or may become liable for the payment of money to another or by a writing thereon or annexed thereto that he waives as to such obligation
> . . .

then the benefit of the exemption shall not apply.

For waiver to be effective, it must be in writing and it must be the declaration of the debtor. *Home Owner's Loan Corp. v. Reese*, 170 Va. 275, 278. Here, these elements

were not met. The Bank of Virginia sent the defendant an application form which was signed and returned to The Bank of Virginia. It contained nothing concerning waiver of the homestead exemption. Next, The Bank of Virginia sent the defendant credit cards and its Customer Agreement and Truth In Lending Disclosure (the Agreement). The credit cards were signed by the defendant. Each card contained language binding the card holder to the terms of the Agreement by *use* of the cards; however, the credit cards had no waiver· of homestead exemption language. The Agreement contained adequate waiver language but was not intended to be, nor was it, signed by the card holder, Lenz.

The Agreement, while in writing, is not the declaration of the defendant card holder; rather, it is The Bank of Virginia's declaration. Consequently, the first element of compliance with Code § 34-22; i.e., that the waiver be the declaration of the debtor, is not met. The Bank of Virginia, however, argues that by use of the card the card holder adopted the provisions of the Agreement and thus waived the homestead exemption. Under principles of contract law, The Bank of Virginia is correct and, therefore, most of the terms of the Agreement are, indeed, binding on the user. However, waiver of the homestead exemption is not governed by principles of contract law but, rather, by compliance with § 34-22 of the Code.

The Bank of Virginia, then, could prevail only if that unsigned Agreement is determined to be "annexed to" the signed credit cards. It was not.

Among other things, "annex" means "to add to the end. . . to subjoin; to affix. . . to unite to something preceding, as the main object; to connect with. . . to join; to connect." *Webster's New Twentieth Century Dictionary*, 2nd Ed. Generally, "annex" implies physical attachment.

The Bank of Virginia would have the word "annexed" mean the same as the term "incorporate." Strictly construing the statute against waiver, as is required here, I do not believe "annex" and "incorporate" are synonymous. If the legislature intended to mean the latter term, it would have used it. The obvious reason for using "annex" instead of "incorporate" was that if the "writing" contemplated in § 34-22 was something so closely related to the instrument being signed by being attached; i.e., annexed, there would be at least some assurance that a

person waiving such an important right would be more likely to read the document and, therefore, be aware of that fact. I conclude, therefore, that the defendant did not waive the homestead exemption.

This decision is the same as that of the General District Court. Defendant says that while she is responsible for the costs in the General District Court, it is inequitable to hold her responsible for those attributable to this appeal, as that was The Bank of Virginia's choice. I agree, and General District Court costs only will be awarded against the defendant.