# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Free Bridge Auto Sales

v.

Angela Gay Fitzgerald

January 4, 1999

Case No. 98-136

BY JUDGE EDWARD L. HOGSHIRE

In the matter currently before the Court, Free Bridge Auto Sales ("Judgment Creditor") objects to Ms. Fitzgerald's ("Judgment Debtor") claim of her Homestead Exemption. Free Bridge obtained a judgment against Fitzgerald based on the latter's default on a loan. Fitzgerald subsequently filed her Homestead Deed for Personal Property, which sought to exempt $109.00 of wages from her former employer. Free Bridge challenged the exemption, claiming that Fitzgerald had executed a valid waiver of the exemption, but the General District Court found in her favor. The Judgment Creditor now appeals that decision.

## I. *The Waiver*

Judgment Debtor signed a financing agreement with Judgment Creditor on May 2, 1994, in order to purchase a 1981 Volkswagen Jetta. Near the bottom of the document, a provision stated: "I (we) waive the benefit of my (our) Homestead Exemption as to this obligation." Va. Code § 34-22 recognizes that individuals may waive their Homestead Exemption:

> If any person shall declare in a bond, bill, note or other instrument by which he is or may become liable for the payment of money to another or by a writing thereon or annexed thereto that he waives, as to such obligation, the exemption from liability of the property or estate which he may be entitled to claim and hold exempt under the provisions of this chapter, such property or estate, whether previously set apart or not, shall be liable to be subjected for such obligation, under legal process, in like manner and to the same extent as other property or estate of such person. But such waiver shall not extend to or affect the exemption of the property or estate exempt under §§ 34-26, 34-27 and 34-29. The following or equivalent words shall be sufficient to operate as the waiver hereinbefore provided for: "I (or we) waive the benefit of my (or our) exemption as to this obligation." If a debt which is superior to the homestead, or as to which the homestead is waived, be paid off by a surety therein, the principal shall not be allowed to claim the homestead as against such surety.

Federal courts in Virginia have upheld the constitutionality of this provision. *See, e.g., Barbarossa v. Beneficial Fin. Co.*, 438 F. Supp. 840 (E.D. Va. 1977). Virginia state courts, however, have not had the occasion to consider the constitutionality of the statute or to interpret it in any detail. For the purposes of this opinion, the Court presumes the constitutionality of the statute and that Fitzgerald validly executed the waiver.

## II. *Preemption*

The more interesting question prompted by the waiver is whether federal regulations fully or partially preempt § 34-22. In 1984, the Federal Trade Commission ("FTC") promulgated a series of rules prohibiting unfair credit practices, including waivers of exemptions. The FTC declared it unlawful for a lender or retail installment seller to take from a consumer an obligation that:

> constitutes or contains an executory waiver or a limitation of exemption from attachment, execution or other process on real or personal property held, owned by, or due to the consumer, unless the waiver applies solely to property subject to a security interest executed in connection with the obligation.

16 C.F.R. § 444.2(a)(2) (1984). The regulations thus create a broad prohibition qualified by a narrow exceptions.

There is no question that FTC regulations can preempt state law: "[I]t has long since been firmly established that state statutes and regulations may be superseded by validly enacted regulations of federal agencies such as the FTC." *American Fin. Servs. v. F.T.C.*, 767 F.2d 957, 989 (D.C. Cir. 1985). The D.C. Circuit has found that "Congress did intend FTC rules to have that preemptive effect which flows naturally from a repugnancy between the Commission's valid enactments and state laws." *Id.* at 990. The only remaining issue, therefore, is whether the regulation in question, 16 C.F.R. § 444.2(a)(2), preempts § 34-22 pursuant to the Supremacy Clause.

Scarce authority exists interpreting subsection (a)(2) of 16 C.F.R. § 444.2, and the Court could not locate any state or federal cases considering whether that provision preempts state law. In the absence of such authority, the Court is guided by Judge Swett's ruling in *F & S Financial v. Jordan*, Law No. 96-161 (July 3, 1997). On similar facts, Judge Swett concluded that the "plain language of the federal rule states that the waiver may apply solely to the property which secured the debt, not to the debt itself." Therefore, the debtor's wages could not be construed as "property subject to a security interest." *Id.*

Consistent with Judge Swett's opinion, the Court finds that 16 C.F.R. § 444.2(a)(2) preempts § 34-22 insofar as it limits the possibility of a waiver of an individual's Homestead Exemption to property "subject to a security interest executed in connection with the obligation." Consequently, because the only property subject to a security interest in the case at bar was the Judgment Debtor's automobile, the Judgment Debtor retains the right to claim her Homestead Exemption for her wages.

### III. *Attorneys' Fees*

The contract entered into by Fitzgerald and Free Bridge contained a provision regarding collection costs: "If the Creditor hires an attorney to collect what you owe, you will pay the attorney's reasonable fee and any court cost." Although the Court finds that § 34-22 is preempted, the federal regulations do not preempt the contractual provision for attorneys' fees. Therefore, the only question is what "reasonable fee" is warranted by this action. The Judgment Creditor requests in excess of $4,700.00 for this collection procedure. In exercising its discretion, however, the Court concludes

that $2,000.00 is a reasonable amount since the Judgment Creditor recently submitted the same issues to Judge Swett and has cited no intervening authority that would cast doubt on that decision.

## IV. *Conclusion*

For the above-stated reasons, the Court finds that Fitzgerald's Homestead Exemption is preserved through preemption, but it also awards $2,000.00 in attorneys' fees to Free Bridge.