**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN CARLOS, on behalf of himself and
all other similarly situated,

Plaintiff-Appellant,

v.

PATENAUDE & FELIX A.P.C,

Defendant-Appellee.

No.   15-35986

D.C. No. 3:14-cv-00921-MO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted May 16, 2018
Portland, Oregon

Before:  TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Appellant Brian Carlos ("Carlos") appeals the district court's grant of

summary judgment in favor of the law firm Patenaude & Felix A.P.C. ("Patenaude").

On July 19, 2013, Patenaude filed a lawsuit in state court on behalf of Capital One

Bank (USA), NA, against Carlos to collect on a defaulted debt.  After that case was

resolved in 2014, Carlos brought this action, alleging that Patenaude violated the

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by (1) filing a time-barred collection action, (2) failing to disclose that the collection action was time barred, and (3) alleging a quantum meruit claim in the collection action.[1] The district court first concluded that the credit card agreement between Carlos and Capital One constituted a written contract under Virginia law subject to a five-year statute of limitations. The district court then concluded that the statute of limitations had not run by the time Patenaude filed the collection suit based on two tolling events. Accordingly, because the 2013 collection case was timely, the district court granted summary judgment in favor of Patenaude.

We review de novo the district court's grant of summary judgment and conclude that there exists a triable issue of material fact as to whether the credit card agreement constitutes a written contract under Virginia law. *See Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011).

The parties do not dispute that Virginia law governs the credit card agreement between Carlos and Capital One. Under Virginia law, a written contract has a five-year statute of limitations and an unwritten contract has a three-year statute of limitations. Va. Code Ann. § 8.01-246. Although Virginia courts have not yet

---

[1] Carlos's complaint also included a fourth cause of action that was resolved by the parties. In addition, Carlos sought to certify a class of similarly situated individuals regarding Counts 1 and 2. The district court denied Carlos's motion to certify the class when it granted Patenaude's partial motion for summary judgment.

addressed whether a credit card agreement—which often consists of multiple documents only some of which will be signed by the consumer—constitutes a written contract, the Virginia Attorney General has issued an official advisory opinion on this issue. He concluded:

> the statute of limitations for written contracts applies to credit card agreements in the situation where the agreement consists of a series of documents, provided that at least one of the documents referencing and incorporating the others is signed by the cardholder, and also provided that the written documents evidencing the agreement contain all essential terms of the agreement.

Op. Va. Att'y Gen. No. 10-128, 2011 WL 565650 (Feb. 7, 2011). While not binding, this opinion is "entitled to due consideration." *Beck v. Shelton*, 593 S.E.2d 195, 200 (Va. 2004) (citation omitted).

Assuming that the Attorney General's interpretation of Virginia law is correct, there is a triable issue of fact as to whether Carlos signed at least one of the documents constituting the credit card agreement that references and incorporates the others. There is no document in the "pile of evidence" that bears Carlos's written or electronic signature.[2] Even so, Patenaude argues that Carlos signed the agreement in three ways. We consider, and reject, these arguments in turn.

---

[2] Virginia has adopted the Uniform Electronic Transactions Act, which recognizes electronic signatures. *See* Va. Code Ann. § 59.1-485.

First, Patenaude contends that Carlos electronically signed the agreement by submitting his credit card application online. Patenaude offers the declaration of a Capital One employee which alleges that to submit an online application, a consumer must click a box affirming that she read and agreed to the Important Disclosures. Patenaude also relies on a screen shot of Capital One's internal records, which purport to reflect the information Carlos entered when submitting his online application for the credit card. The screen shot indicates that Carlos "signed" something but does not indicate what he signed. Patenaude has not offered a screen shot depicting the screen that Carlos would have seen when submitting his online application. Carlos vehemently denies affixing any electronic signature to the application or clicking anything indicating that he agreed to be bound by the credit card agreement.

We do not "weigh the evidence" or "make factual or credibility determinations" when assessing whether, on summary judgment, there is a genuine issue of material fact. *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017). Here, the parties submitted "conflicting testimony" as to whether Carlos electronically signed the online application: Carlos denies that he did while Patenaude offers circumstantial evidence that he did. *See id.* Accordingly, "the conflicting evidence submitted by [Patenaude] and [Carlos] presented the district

4

court with a genuine dispute of material fact as to the existence of [a signed document]." *United States v. Arango*, 670 F.3d 988, 993 (9th Cir. 2012).

Second, Patenaude contends that Carlos electronically signed the credit card agreement by activating his account over the phone using an automated system. While activating and using a credit card constitutes acceptance of the credit card company's offer to extend credit, *see Bank of Va. V. Lentz*, 8 Va. Cir. 407, 408 (1987); *Sharp Electronics Corp. v. Deutsche Fin. Servs. Corp.*, 216 F.3d 388, 394 (4th Cir. 2000), whether a valid contract exists between Carlos and Capital One is not at issue. Rather, the question is whether the formed agreement is written or unwritten. Patenaude fails to explain how Carlos activating his account by phone produced a *document* referencing and incorporating the other documents in the contract and bearing Carlos's signature, as is required under the framework of the Virginia Attorney General's opinion.

Third, Patenaude argues that Carlos signed a document incorporating the rest of the documents in the written agreement by signing the back of his credit card. While the Virginia Attorney General suggested that a consumer's signature on the credit card itself could satisfy the signed writing requirement, his opinion also assumed that "[t]he back of the credit card contains language near the required signature line stating that the use of the card constitutes agreement to be bound by the written customer agreement." Here, however, Patenaude offers no evidence of

what was on the back of Carlos's credit card and concedes that it is "unknown . . . whether plaintiff's Capital One card expressly referred to the other contract documents." Accordingly, this cannot constitute the signed writing necessary to apply the five-year statute of limitations.[3]

Because we conclude that there is a triable issue as to whether the credit card agreement constitutes a written contract, we do not reach whether the district court properly calculated the tolling events to conclude that the 2013 collection action was timely under a five-year statute of limitations. We also do not reach whether the district court properly denied Carlos's motion to certify a class on the basis that the 2013 collection action was timely. These are all issues for the district to consider, or reconsider, in the first instance on remand.

**REVERSED and REMANDED**

---

[3] Significantly, the dissent does not point to any document in the "pile of evidence" that meets the signature requirements of the Virginia Attorney General's opinion.

*Carlos v. Patenaude & Felix A.P.C.*, No. 15-35986

McKEOWN, Circuit Judge, dissenting:

Carlos went through Capital One's credit card process, input his name, birth date, and Social Security Number, sent his personal information to Capital One, checked a consent disclosure box stating he had read and understood the terms of his credit card agreement, received mail incorporating the credit card contract terms and then activated his card over the phone using the designated code, added a payment protection plan to his account, and used his card repeatedly for over a year.

This pile of evidence shows there is no genuine issue of material fact that there was a written contract under Virginia law. Because in my view the district court properly granted summary judgment, I respectfully dissent.